UNITED STATES of America,
Plaintiff-Appellee,

v.

Phillip Ray WYATT,
Defendant-Appellant.

No. 79–5298
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

Feb. 7, 1980.

Harl C. Duffey, Jr., Rome, Ga., for defendant-appellant.

C. Michael Abbott, Asst. U. S. Atty., Atlanta, Ga., for plaintiff-appellee.

Before GOLDBERG, RUBIN and POLITZ, Circuit Judges.

PER CURIAM.

Appellant Phillip Ray Wyatt was convicted of four counts of violations of 18 U.S.C. § 473[1] and sentenced to four concurrent five year prison terms. He raises two arguments: that certain exhibits consisting of obligations stamped with the word "counterfeit" should not have been admitted into evidence, and that there was insufficient evidence of intent to pass the obligations as true and genuine to withstand a motion to dismiss Counts Three and Four of the indictment.

Wyatt's first argument concerns the admission into evidence of several exhibits consisting of some of the allegedly counterfeit obligations, which had been stamped with the word "counterfeit."[2] Admitting that the exhibits are relevant, he claims that the admission of these exhibits was prejudicial and risked confusing or mislead-

---

* Fed.R.App.P. 34(a); 5th Cir. R. 18.

1. 18 U.S.C.A. § 473 (West 1976) states:
   Whoever buys, sells, exchanges, transfers, receives, or delivers any false, counterfeited, or altered obligation or other security of the United States, with the intent that the same be passed, published, or used as true and genuine, shall be fined not more than $5,000 or imprisoned not more than ten years, or both.

2. The record reflects that it is the policy of the Secret Service to so stamp counterfeit currency to prevent it from being passed as genuine, and that occasionally genuine currency is mistakenly stamped "counterfeit."

ing the jury, and should have been excluded under Federal Rule of Evidence 403.[3] Whether the obligations were in fact counterfeit was an ultimate issue of fact for the jury, and it is true that a jury might have a tendency to give undue weight to the fact that the obligations had been stamped "counterfeit." However, the trial judge considered the risk of misleading the jury, and carefully cautioned the jury that

in making [the determination of whether the obligations were counterfeit], you would not be authorized to consider in any way any notation that may have been placed on there by any individual saying counterfeit. . . . The fact that there may be a word counterfeit on any one or more of these exhibits is not in any way evidence of the character of that instrument.

With this cautionary instruction, the trial judge minimized the risks of prejudice, confusion, or misleading the jury.[4] Since we agree with the trial court that, with the cautionary instruction, the probative value of the evidence was not substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, see Fed.R.Evid. 403, we a fortiori do not find his decision to admit the evidence an abuse of discretion, a finding which would be required for reversal of his ruling. See *United States v. McRae,* 593 F.2d 700, 707 (5th Cir. 1979); *cf. United States v. Frick,* 588 F.2d 531, 537 (5th Cir. 1979), *cert. denied,* 441 U.S. 913, 99 S.Ct. 2031, 60

L.Ed.2d 385 (1979) (clear abuse of discretion standard).

■ Wyatt's second argument, relating only to Counts Three and Four of the indictment, is that there was insufficient evidence showing that he intended to pass certain counterfeit obligations as true and genuine. This argument relies on *United States v. Wilkerson,* 469 F.2d 963 (5th Cir. 1972), *cert. denied,* 410 U.S. 986, 93 S.Ct. 1515, 36 L.Ed.2d 184 (1973), and *United States v. Goodwin,* 455 F.2d 710 (10th Cir.), *cert. denied,* 409 U.S. 859, 93 S.Ct. 146, 34 L.Ed.2d 105 (1972).[5] *Wilkerson* and *Goodwin* hold that if there is an understanding that certain counterfeit obligations are to be used merely as samples to show to prospective purchasers, and then returned, the "intent" to pass "as true and genuine" requirement of 18 U.S.C. § 473 is not met as to those transactions.

■ Count Three relates to dealings with an intermediary named Williamson. There is testimony indicating that the counterfeit bills were not sold because they did not sufficiently resemble genuine currency, not because they were merely intended to be samples. Williamson testified that "if [the potential purchasers] had wanted all the [counterfeit] money that I had, then I would have took the money that I received, the money that I would have sold it for, and took it and gave it to [appellant]." [T. 101]. Clearly, the jury could have inferred that appellant expected any purchasers of the counterfeit obligations to pass them as true

---

3. Although defendant based his objection on Fed.R.Evid. 403, we note that the stamped word "counterfeit" on the obligations, if offered to prove that the bills were counterfeit, would fall within the definition of hearsay under Fed.R.Evid. 801. Because the trial court's cautionary instruction, *see infra,* made clear to the jury that the inscription "counterfeit" was not being admitted for the truth of the matter asserted, the inscription falls outside of the definition of hearsay, and hence is not inadmissible under Fed.R.Evid. 802.

4. The Advisory Committee Note to Rule 403 notes the probable effectiveness of a limiting instruction as a consideration in the admissibility decision.

5. The government argues that the concurrent sentence doctrine, *see, e. g., Roviaro v. U. S.,* 353 U.S. 53, 59 n.6, 77 S.Ct. 623, 1 L.Ed.2d 639

(1957) obviates any need for us to consider the validity of the convictions under Counts Three and Four. This doctrine is not an absolute bar to review of convictions, but a rule of judicial convenience. *See Benton v. Maryland,* 395 U.S. 784, 89 S.Ct. 2056, 23 L.Ed.2d 707 (1969); *United States v. Rubin,* 591 F.2d 278 (5th Cir. 1979), *cert. denied,* —— U.S. ——, 100 S.Ct. 133, 62 L.Ed.2d 87 (1979); *Government of Canal Zone v. Eulberg,* 581 F.2d 1216 (5th Cir. 1978). Because the record before us sheds no light on the presence or absence of collateral consequences of the convictions on Counts Three and Four, we choose here to review all counts. We express no view concerning the present scope of the concurrent sentence doctrine in this Circuit. *See Rubin, supra,* 591 F.2d at 280 n.1.

and genuine. A general intent to defraud unknown third parties is sufficient. *Wilkerson, supra,* 469 F.2d at 969.

Count Four relates to a transaction with one Wright. Wright testified that he was given a counterfeit $50 note "to dispose of it in Florida." Although it appears that additional counterfeit bills were to follow if the contact in Florida had been interested in further purchases, there was no testimony that the original $50 note was to be returned to appellant. By concluding that "dispose of" connotes parting with something permanently and considering the lack of any understanding that the $50 note would be returned, a rational jury could infer beyond a reasonable doubt that appellant expected the $50 note to be passed if it had been acceptable. Certainly, there was no explicit agreement that the note be returned, unlike the situations in *Wilkerson* and *Goodwin.* See *Hart v. United States,* 396 F.2d 243 (8th Cir. 1968), *cert. denied,* 393 U.S. 1033, 89 S.Ct. 647, 21 L.Ed.2d 576 (1969).

Therefore, the challenged convictions are affirmed.

AFFIRMED.