**UNITED STATES of America,**
**Plaintiff–Appellant,**

v.

**Thomas MORRIS, Defendant–Appellee.**

Nos. 94–60673, 94–60674.

United States Court of Appeals,
Fifth Circuit.

March 20, 1996.

Mervyn Hamburg, Dept. of Justice, Washington, DC, Alfred E. Moreton, U.S. Atty., Charles W. Spillers, Asst. U.S. Atty., Oxford, MS, for appellant.

Robert B. McDuff, Jackson, MS, Johnnie E. Walls, Jr., Greenville, MS, for appellee.

Before WIENER, EMILIO M. GARZA and BENAVIDES, Circuit Judges.

BENAVIDES, Circuit Judge:

Plaintiff-appellant United States ("Government") appeals the orders of the district court granting defendant-appellee Thomas Morris ("Morris") an acquittal on a perjury charge and ordering the exclusion of evidence on retrial of other charges. We will affirm.

## BACKGROUND

Morris, an attorney practicing in Mississippi, was charged in a five-count indictment with conspiracy to commit money laundering (Count I), money laundering (Counts II and III), and perjury before a grand jury (Counts IV and V). The charges arose out of Morris's representation of and financial involvement with a drug-trafficking operation run by Danny and Roderick Williams (the "Williams enterprise"). One transaction forming the basis for the Count I conspiracy to money launder, the Count III money laundering, and the Count IV perjury charges involved Morris's sale of the Cypresswood Apartments, a complex he owned, to the Williams enterprise.[1]

The jury acquitted Morris on Count III and convicted him on Count IV. The jury was unable to reach a verdict on Counts I, III, and V, and a mistrial was declared. Morris moved for an acquittal on Count IV, arguing that two of the three allegations of falsity were based on fundamentally ambiguous questions. *See United States v. Lighte,* 782 F.2d 367, 375 (2d Cir.1986) (holding that a question is fundamentally ambiguous "when it is not a phrase with a meaning about which men of ordinary intellect could agree, nor one which could be used with mutual understanding by a questioner and answerer"). The district court granted the acquittal.

In preparation for retrial on Counts I, II, and V, Morris moved to suppress all evidence of the Cypresswood transaction under Count I, which the district court granted. The Government appeals.

## DISCUSSION

### A. Acquittal

 Count IV of the indictment charged Morris with perjury based on certain responses he gave during a grand jury proceeding investigating his involvement with the Williams enterprise. Before the district court, the Government contended that the underlying questions were arguably ambigu-

---

1. The Government alleged that Morris was paid $90,000 "under the table" for Cypresswood.

ous, and therefore, the issue of Morris's understanding of the questions was for the jury to decide. *See United States v. Manapat,* 928 F.2d 1097, 1099 (11th Cir.1991). The district court concluded that the questions were fundamentally ambiguous and granted Morris's motion for an acquittal on Count IV.

On appeal, the Government concedes that the questions were fundamentally ambiguous, but argues that fundamental ambiguity involves an issue of factual sufficiency that does not require reversal. Because one of the three allegations under Count IV was factually supported, the Government contends that the verdict can be upheld despite the existence of the two fundamentally ambiguous allegations. *See Griffin v. United States,* 502 U.S. 46, 112 S.Ct. 466, 116 L.Ed.2d 371 (1991) (holding that the presence of a factually insufficient theory does not require reversal if at least one theory is supported by factually sufficient evidence).

We will not entertain the Government's appeal because its argument on appeal is inconsistent with its position in the district court. During argument before the district court, the Government stated, "We agree with the defendant that if the questions are fundamentally ambiguous then the jury verdict cannot stand." We conclude that the Government waived its argument on appeal that fundamental ambiguity is not reversible error by conceding that the verdict could not stand if the district court concluded a fundamental ambiguity existed. *See United States v. Calverley,* 37 F.3d 160, 162 (5th Cir.1994), *cert. denied,* —— U.S. ——, 115 S.Ct. 1266, 131 L.Ed.2d 145 (1995) (concluding that waiver, which involves intentional relinquishment or abandonment of a known right, results in no error). The Government invited the district court to overturn the conviction if it found the questions fundamentally ambiguous. Now on appeal, it concedes that the questions are fundamentally ambiguous but insists that the verdict in Count IV should

nonetheless stand. We will not find error in such circumstances.

*B. Exclusion of the Evidence*

On retrial of Counts I, II, and V, Morris moved to strike from Count I, which involved a charge of conspiracy to money launder, all references to the Cypresswood Apartments. Morris also sought a motion in limine prohibiting the Government from introducing evidence of this transaction, which constituted one of the overt acts in furtherance of a conspiracy under Count I. Morris asserted that he would be unfairly prejudiced by the evidence because the jury acquitted him under Count III of laundering drug money through the sale of the Cypresswood Apartments, and Count I's "Cypresswood" overt act and Count III contained identical factual allegations.

■ The Government responded that conspiracy to commit an offense and the actual commission of that offense involve separate and distinct crimes. *See United States v. Felix,* 503 U.S. 378, 390–92, 112 S.Ct. 1377, 1385, 118 L.Ed.2d 25 (1992); *United States v. Garza,* 754 F.2d 1202, 1209 (5th Cir. 1985). Thus, the doctrine of collateral estoppel did not bar the Government from introducing evidence of overt acts despite the fact that Morris had been acquitted on Count III. The district court agreed that the Government was not collaterally estopped from using the Cypresswood transactions as evidence of overt acts in furtherance of a conspiracy.[2]

■ The district court, however, prohibited the Government from introducing evidence of the Cypresswood transactions because of the "likelihood of unfair prejudice, confusion of the issues, and misleading of the jury if this evidence is admitted." *See* Fed. R.Evid. 403. The Government asserts that the district court erred in excluding the evidence under Rule 403 because the probative

---

2. The district court concluded that "[t]he identical fact scenario has been used in the substantive Count III as that used as an overt act in the conspiracy Count I; the court is unable to discern from the not guilty verdict returned for Count III that the jury concluded that the defendant had not received the $90,000.... The first prong of the collateral estoppel test is not satisfied." Although Morris contends that the district court erred in determining that the Government was not collaterally estopped, we conclude that the district court correctly determined the issue based on this Court's precedent. *See Garza,* 754 F.2d at 1209–10 (concluding that acquittal of the substantive offense does not preclude use of the same facts as evidence of noncriminal overt acts in furtherance of a conspiracy).

value of the evidence was not substantially outweighed by the danger of unfair prejudice, confusion of issues, or misleading the jury.

A district court has broad discretion in assessing admissibility under Rule 403, and its determination is reviewed only for abuse. *See United States v. Royal,* 972 F.2d 643, 648 (5th Cir.1992), *cert. denied,* 507 U.S. 911, 113 S.Ct. 1258, 122 L.Ed.2d 655 (1993). Because Rule 403 requires the exclusion of relevant evidence, it is an extraordinary measure that should be used sparingly. *United States v. Pace,* 10 F.3d 1106, 1115 (5th Cir.1993), *cert. denied,* —— U.S. ——, 114 S.Ct. 2180, 128 L.Ed.2d 899 (1994); *United States v. McRae,* 593 F.2d 700, 707 (5th Cir.), *cert. denied,* 444 U.S. 862, 100 S.Ct. 128, 62 L.Ed.2d 83 (1979).

Examining the record and the district court's order, we conclude that the court did not abuse its discretion in excluding the evidence. While recognizing that Rule 403 should be used sparingly, the Court determined that the circumstances warranted an exclusion. Although the Government contends that the evidence is not unfairly prejudicial to Morris, the court appeared more concerned about confusion of the issues and misleading the jury.[3] Despite the Government's assertion that a proper instruction could be formulated to aid the jury in distinguishing between the substantive act and the conspiracy, the record provides no indication that it ever offered such an instruction to the district court.

The Government argues that district courts often rule this type of evidence admissible after performing a Rule 403 balancing analysis. The admission in other cases, however, does not render erroneous the district court's exclusion of the evidence in the instant cause. To conclude otherwise would eviscerate a district court's discretion to determine admissibility based on the unique facts of each case. The Government correctly asserts that courts often rely on limiting instructions to resolve problems under Rule 403. *See, e.g., United States v. West,* 22 F.3d 586, 597 (5th Cir.), *cert. denied,* —— U.S. ——, 115 S.Ct. 584, 130 L.Ed.2d 498 (1994); *United States v. Acosta,* 972 F.2d 86, 89 (5th Cir.1992); *United States v. Wyatt,* 611 F.2d 568, 569 (5th Cir.1980). In the instant cause, however, the district court, after careful consideration and analysis, concluded that any limiting instruction would only further confuse and mislead the jury. Because the district court presided over the first criminal trial and was intimately familiar with the peculiar facts of this case, we cannot conclude that it abused its discretion in making such a determination.[4]

## CONCLUSION

For the foregoing reasons, we affirm the district court's acquittal on Count IV and its exclusion of the Cypresswood evidence under Count I. We remand for further proceedings not inconsistent with this opinion.

AFFIRMED.

EMILIO M. GARZA, Circuit Judge, concurs as to the judgment only.

---

**3.** The district court found:
> The jury will be confused and misled by the "Cypresswood Apartments" evidence and be tempted to consider this as a substantive illegal act (for which defendant was acquitted) rather than an overt act in a conspiracy scheme. The court is unable to conceive or devise a "limiting instruction" to the jury that will have any result other than to further mislead and confuse the jury regarding the appropriate use of evidence.... [T]his particular factual situation clearly justifies this court in excluding this evidence pursuant to F.R.E. 403.

**4.** The Government argues that upholding the district court's decision will effectively emasculate *Garza*'s holding that an acquittal on a substantive charge does not bar the use of the evidence as overt acts in furtherance of a conspiracy in a subsequent trial. *Garza,* 754 F.2d at 1209–10. We disagree. Merely because we conclude that the district court did not abuse its discretion in excluding the evidence does not necessarily mean that no limiting instruction could be devised that would resolve the problems of confusion of the issues and misleading the jury. Under the deferential standard accorded to the district court regarding the admissibility of evidence, we simply conclude that it did not err in performing the Rule 403 balancing test. We also note that in *Garza,* the defendant did not raise a Rule 403 issue.