I agree that the evidence that Younes had twice failed his board examinations is not relevant to show that he was negligent. However, I believe that this evidence was admissible, and should not have been excluded, as to Younes's credibility as an expert witness.
Under Rule 403, Ala. R. Evid, relevant evidence may be excluded "if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury." (Emphasis added.) This rule does not allow a trial court to exclude evidence merely on the grounds that it is prejudicial or that its prejudice outweighs its probative value; the prejudice must substantially outweigh the probate value. See Charles A. Gamble, McElroy's Alabama Evidence § 21.01(4) (5th ed. 1996). The exclusion of evidence pursuant to Rule 403 is an extraordinary measure that should be used sparingly. See UnitedStates v. Morris, 79 F.3d 409, 412 (5th Cir. 1996). In deciding whether to exclude evidence under Rule 403, a trial court should consider several factors, including whether a limiting instruction to the jury would be effective. Gamble, supra, citing
Rule 403, Fed.R. Evid., advisory committee note.
In Gipson's case, Younes was allowed to testify extensively as to his background, including his education, experience, and honors. In particular, Younes testified in great detail as to his training and experience in the fields of anesthesiology and pain management. He established himself as an expert witness, with apparently impeccable credentials. In any other situation, Younes would have been cross-examined regarding his having twice failed the board examinations. However, under the trial court's ruling, Gipson was robbed of the opportunity to challenge Younes's credibility as an expert, simply because he was also the defendant. The probative value of this evidence was notsubstantially outweighed by the danger of unfair prejudice. This evidence was intended to prejudice, and would have prejudiced, Younes's credibility as an expert. The trial court could have used a limiting instruction to prevent the jury from misusing this evidence in relation to the question of his alleged negligence.
I acknowledge that the trial court's determination regarding the admissibility of evidence rests within its sound discretion; however, I believe that this discretion was abused in this instance. Therefore, I must respectfully dissent from this court's decision *Page 534 
on this issue. I concur with this court's ruling on the issue regarding the collateral source rule.
YATES, J., concurs.