**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

November 3, 2009

Charles R. Fulbruge III
Clerk

No. 08-60318
Summary Calendar

CYPRIAN RANNIE DOUGLAS, also known as Cyprian Douglas

Petitioner

v.

ERIC H HOLDER, JR, U S ATTORNEY GENERAL

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A22 219 064

Before DAVIS, BARKSDALE, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Cyprian Rannie Douglas, a native and citizen of Dominica, petitions for review of the Board of Immigration Appeals' (BIA's) dismissal of his appeal from the immigration judge's final order of deportation and determination of Douglas' ineligibility for cancellation of removal, pursuant to 8 U.S.C. § 1229b(a)

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

(providing for cancellation of removal for certain permanent residents), because he had committed an aggravated felony.

Douglas, who admitted to having two state convictions for possession of controlled substances since his admission to the United States, contends, *inter alia*, that his second state misdemeanor conviction should not be treated as an aggravated felony under federal law. Douglas has failed to adequately brief his other contentions. *See, e.g.*, *Perillo v. Johnson*, 79 F.3d 441, 443 n.1 (5th Cir. 1996) (holding attempts to incorporate by reference previous briefs are insufficient to preserve error); *Justiss Oil Co. v. Kerr-McGee Ref. Corp.*, 75 F.3d 1057, 1067 (5th Cir. 1996) (holding a failure to "advance arguments in the body of [a] brief in support of an issue . . . raised on appeal" constitutes abandonment of that issue).

Our recent case law confirms the BIA correctly determined Douglas had committed an aggravated felony for immigration-law purposes. *See Carachuri-Rosendo v. Holder*, 570 F.3d 263, 266–68 (5th Cir. 2009), *petition for cert. filed* (U.S. July 15, 2009) (No. 09-60). "[A] second state possession offense that could have been punished as a felony under federal law qualifie[s] as an aggravated felony under 8 U.S.C. § 1101(a)(43)(B)." *Id.* at 266–67. Because Douglas' second offense could have been prosecuted as a felony under federal law, *see* 21 U.S.C. § 844(a) (setting out certain drug offenses and punishments), he was properly determined to be ineligible for cancellation of removal.

DENIED.