# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

November 5, 2020

Lyle W. Cayce
Clerk

No. 19-60138

Nyingbagha Rachel Amasioni,

*Petitioner*,

*versus*

William P. Barr, *U.S. Attorney General*,

*Respondent*.

Petition for Review for an Order of the
Board of Immigration Appeals
BIA No. A209 862 303

Before Owen, *Chief Judge*, and Dennis and Haynes, *Circuit Judges*.
Per Curiam:*

Nyingbagha Rachel Amasioni, a native and citizen of Cameroon, stated that she entered the United States to escape a forced marriage. Amasioni applied for asylum under 8 U.S.C. § 1158, withholding of removal under 8 U.S.C. § 1231(b)(3), and protection under the Convention Against Torture (the "CAT") under 8 C.F.R. § 1208.16(c). The Immigration Judge

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

(the "IJ") denied her petition and the Board of Immigration Appeals (the "BIA") affirmed.  For the reasons below, we DENY Amasioni's petition for review.

## I.  BACKGROUND

Upon visiting her family in a different region from where she lived, Amasioni was told that she was required to marry her family's village sub-chief due to her grandfather's failure to pay back a loan to the sub-chief before his death.  She refused and was held hostage by her uncle.  She finally escaped and returned to her regular region of residence where she lived for several months.  After receiving threats for her refusal and no protection from the local police, Amasioni decided to leave Cameroon.  Amasioni entered the United States and applied for asylum, withholding of removal, and protection under the CAT.

At Amasioni's merits hearing concerning her application to stay in the United States, the IJ considered the evidence submitted by Amasioni and the Government, and Amasioni answered some questions from the IJ, which were unrelated to the merits of her asylum claim.  At the close of the merits hearing, the IJ requested closing statements from both parties regarding one of the elements of Amasioni's asylum claim.  Amasioni's closing statement included a report from Dr. Charlotte Walker-Said, a professor with a research focus in African history.  This report described the culture of forced marriage in Cameroon and whether Amasioni could safety relocate if she were to return home.  After closing statements were submitted, the IJ considered the evidence and denied Amasioni's application.  In evaluating the evidence, the IJ did not consider the Walker-Said report because it was untimely.

Amasioni appealed the IJ's decision to the BIA.  She argued that the IJ erred on the merits of her application and requested a remand of her case because she received ineffective assistance of counsel.  The BIA dismissed

her petition for review, concluding that the IJ did not err and that Amasioni failed to prove prejudice for her ineffective-assistance-of-counsel claim ("IAC claim"). Amasioni timely appealed.

## II. Discussion

Amasioni makes five arguments on appeal. We address each in turn and hold that her arguments do not merit review of her application.

First, Amasioni argues that the IJ erred in not allowing her to fully develop the record. However, Amasioni failed to raise this argument before the BIA. Under 8 U.S.C. § 1252(d), "parties must fairly present an issue to the BIA to satisfy [the] exhaustion requirement." *Omari v. Holder*, 562 F.3d 314, 321 (5th Cir. 2009). Because Amasioni failed to exhaust this argument before the BIA, we lack jurisdiction to address it on appeal. *See id.*

Second, Amasioni argues that the IJ and the BIA applied the incorrect legal standard when making their determination on her asylum claim because they did not consider the Walker-Said report and thus failed to analyze the substantial evidence provided. Amasioni has waived this argument because she provides no legal analysis for why the IJ and the BIA erred in excluding the Walker-Said report. Federal Rule of Appellate Procedure 28(a)(8) requires the appellant's brief to contain "contentions and the reasons for them, with citations to the authorities and parts of the record on which the appellant relies." Failure to adequately brief an argument constitutes waiver of that argument. *See Cavallini v. State Farm Mut. Auto Ins. Co.*, 44 F.3d 256, 260 n.9 (5th Cir. 1995) (citing Fed. R. App. P. 28(a)). We thus hold that Amasioni's asylum argument is waived.

Third, Amasioni argues that the BIA erred in holding that she was not entitled to withholding of removal. She asserts that she meets the "more

likely than not" standard for a withholding of removal claim in one sentence:[1] "if forced to return to Cameroon, the sub-chief will more likely than not find [Amasioni] . . . and force her to return to [the village] to live as [his] wife." Again, Amasioni does not "provide any legal or factual analysis" for her withholding of removal claim, as required under Federal Rule of Appellate Procedure 28(a)(8) and has thus waived her withholding of removal argument. *See Cavallini*, 44 F.3d at 260 n.9.

Fourth, Amasioni argues that the BIA erred in holding that she was not entitled to protection under the CAT. To make her argument, Amasioni simply "renews the arguments she put forth in her BIA brief." But we have held that failure to "advance arguments in the body of [a] brief in support of an issue . . . raised on appeal" constitutes abandonment of that issue. *Justiss Oil Co. v. Kerr-McGee Ref. Corp.*, 75 F.3d 1057, 1067 (5th Cir. 1996). Therefore, "attempts to incorporate by reference previous briefs are insufficient to preserve error." *Douglas v. Holder*, 351 F. App'x 933, 934 (5th Cir. 2009) (per curiam) (citing *Perillo v. Johnson*, 79 F.3d 411, 443 n.1 (5th Cir. 1996)). Amasioni has thus also waived her CAT claim.

Fifth, Amasioni argues that the BIA erred in denying her request to remand her case because she received ineffective assistance of counsel. She contends that her counsel's ineffective assistance was prejudicial to her asylum claim. Unlike Amasioni's other arguments, she has not waived this one, and we have jurisdiction to consider it.

We review the BIA's denial of remanding a case for abuse of discretion. *See Milat v. Holder*, 755 F.3d 354, 365 (5th Cir. 2014). There is

---

[1] An applicant seeking withholding of removal "must show that 'it is more likely than not' that his life or freedom would be threatened by persecution . . . ." *Efe v. Ashcroft*, 293 F.3d 899, 906 (5th Cir. 2002) (quoting 8 C.F.R. § 208.16(b)(1)).

no abuse of discretion unless the BIA's decision was "capricious, racially invidious, utterly without foundation in the evidence, or otherwise so irrational that it is arbitrary rather than the result of any perceptible rational approach." *Id.* (internal quotation marks and citation omitted).

"[A]n alien has no Sixth Amendment right to effective counsel during removal proceedings." *Mai v. Gonzalez*, 473 F.3d 162, 165 (5th Cir. 2006). But, we "ha[ve] repeatedly assumed without deciding that an alien's claim of ineffective assistance may implicate due process concerns under the Fifth Amendment" and have adjudicated such claims on the merits. *See id.* To effectively raise an IAC claim, Amasioni "must . . . show that counsel's actions were prejudicial to h[er] case."[2] *Id.* Prejudice exists if, absent the ineffective assistance, the outcome of the case may have been different. *See id.* at 167.

Amasioni sought asylum for fear of future persecution if she were to return to Cameroon. To be eligible for asylum, the applicant must be "unable or unwilling to return" to the country of the person's nationality "because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." *See* 8 U.S.C. § 1158(b)(1)(A) (granting asylum to only refugees); 8 U.S.C. § 1101(a)(42)(A) (defining "refugee"). A "well-founded fear of persecution" requires a "subjective fear of persecution . . . that . . . [is] objectively reasonable." *Eduard v. Ashcroft*, 379 F.3d 182, 189 (5th Cir. 2004) (internal quotation marks and citation omitted). But no such fear exists if the

---

[2] A petitioner raising an IAC claim must also satisfy the preliminary requirements set forth in *Matter of Lozada*, 19 I. & N. Dec. 637 (B.I.A 1988), *aff'd*, 857 F.2d 10 (1st Cir. 1988). *See Lara v. Trominski*, 216 F.3d 487, 497–98 (5th Cir. 2000). The BIA observed that Amasioni "demonstrated substantial compliance with the requirements set forth in *Matter of Lozada*." Thus, the *Lozada* preliminary requirements are not at issue here.

applicant could reasonably relocate to another part of her country of nationality and avoid persecution. 8 C.F.R. § 208.13(b)(2)(ii). Thus, for Amasioni to have been eligible for asylum, she must have satisfied three requirements: (1) subjective fear of persecution that is objectively reasonable (the "fear element"), (2) persecution that is on account of one of the five enumerated factors (the "nexus element"), and (3) an inability to reasonably relocate in Cameroon (the "internal relocation element").

The IJ held that Amasioni was ineligible for asylum because, even though she satisfied the fear element, she failed to satisfy the nexus and internal relocation elements. On appeal, the BIA focused on the internal relocation element, finding that Amasioni did not qualify for asylum because she failed to satisfy that element.

The BIA rejected Amasioni's IAC claim.[3] First, it noted that the allegations of ineffectiveness regarding Amasioni's own testimony failed since the IJ found her to be credible and found her testimony sufficiently corroborated. Turning to the prejudice prong, the BIA concluded as follows: "Importantly, the respondent has not shown that she suffered prejudice as a result of her prior counsel's handling of her case, that is, she has not shown that the outcome of her case may have been different absent the alleged ineffective assistance of prior counsel." In reviewing her arguments in support of the IAC claim, they do not even mention the nexus element of her asylum claim; thus she has not pointed to anything that would show "the outcome of her case may have been different." Amasioni has failed to prove that her counsel's ineffective assistance was prejudicial to her asylum claim, and we hold that the BIA did not abuse its discretion in denying Amasioni's

---

[3] She argued that her counsel failed to appear at her scheduling hearing, failed to adequately prepare her for and communicate with her about her case and failed to timely submit the Walker-Said report.

request for a remand. *See Milat*, 755 F.3d at 365–66 (affirming the BIA's denial of a motion for remand because the decision was not "irrational based on the record").

## III. Conclusion

For the foregoing reasons, we DENY Amasioni's petition for review.