United States Court of Appeals
Fifth Circuit

**F I L E D**

**December 13, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT
_____

No. 04-60871
_____

THUY-XUAN MAI,

                                        Petitioner,

versus

ALBERTO R. GONZALES, U. S. ATTORNEY GENERAL,

                                        Respondent.
_____

On Petition for Review From a Final Order of
the Board of Immigration Appeals
_____

Before JOLLY, DAVIS, and BENAVIDES, Circuit Judges.

E. GRADY JOLLY, Circuit Judge:

Thuy-Xuan Mai ("Mai") petitions for review of an order of the
Board of Immigration Appeals ("BIA") denying his motion to reopen.
Because we find that the BIA abused its discretion in denying Mai's
petition on the basis that his counsel was not ineffective, we
remand for a determination whether Mai was prejudiced by his
counsel's acts.

                                I.

Mai is a native and citizen of Vietnam who originally entered
the United States as a humanitarian refugee under the Immigration
and Nationalization Act (INA) § 207, 8 U.S.C. § 1157, and who
became a legal permanent resident in 1987. In 1992, Mai pled
guilty to a first-degree felony burglary of a habitation. In March

2001, Mai sought admission to the United States through the port of entry at Laredo, Texas, where he allegedly claimed to be a naturalized citizen of the United States. He was detained and ultimately charged as being subject to removal under INA § 212(a)(2)(A)(i)(I), 8 U.S.C. § 1182(a)(2)(A)(i)(I) (2000) for a crime involving moral turpitude and INA § 212(a)(6)(C)(ii), 8 U.S.C. § 1182(a)(6)(C)(ii)(2000) for making a false claim of citizenship.

During a removal hearing at which no interpreter was present, Mai's counsel admitted each of the allegations set forth in the Notice to Appear ("NTA"), including an allegation that Mai made a false claim to citizenship. None of the allegations were read out loud -- counsel simply admitted to them collectively. Mai was never directly questioned during this hearing. During a subsequent hearing before a different Immigration Judge ("IJ"), Mai's counsel attempted to withdraw the prior admission that Mai had made a false claim to citizenship. When Mai was questioned directly and in the presence of an interpreter, he asserted that he had never made a false claim to citizenship. He offered the testimony of witnesses and the affidavits of witnesses who could not be present, attesting that he had never made a claim to false citizenship during the border crossing. However, the IJ refused to let Mai withdraw the admissions made by his attorney, and sustained the charges in the notice to appear. The IJ sustained the false citizenship claim charge solely on the basis of Mai's attorney's admission, as the

2

government provided no evidence on that claim. The BIA affirmed without opinion.  Represented by new counsel, Mai filed a timely motion to reopen his removal proceedings claiming that his counsel in those proceedings was ineffective.  He sought to have his case reopened so that he could (1) withdraw his admission to making a false claim to citizenship and apply for a waiver of inadmissability under former § 212(c); (2) apply for a § 212(c) waiver and cancellation of removal pursuant to § 240A; and (3) apply for withholding, asylum, and relief under the Convention Against Torture.  The BIA denied Mai's motion to reopen and he timely appealed to this court.

## II.

Our jurisdiction is governed by 8 U.S.C. § 1252.  On May 11, 2005, the President signed the REAL ID Act of 2005, which amended Section 242 of the INA, 8 U.S.C. § 1252, to permit judicial review of "constitutional claims or questions of law raised upon a petition for review filed with an appropriate court of appeals in accordance with this section."  8 U.S.C. § 1252(a)(2)(D).  This amendment applies retroactively to cases pending at the time of its enactment.  See Rodriquez-Castro v. Gonzales, 427 F.3d 316, 319 (5th Cir. 2005).  Because Mai's motion to reopen is grounded in his claim for ineffective assistance of counsel, we have jurisdiction to review his petition.

This court reviews the BIA's denial of a motion to reopen for abuse of discretion.  Ogbemudia v. INS, 988 F.2d 595, 600 (5th Cir.

3

1993). Such discretion is not to be disturbed "so long as it is not capricious, racially invidious, utterly without foundation in the evidence, or otherwise so aberrational that it is arbitrary rather than the result of any perceptible rational approach." Pritchett v. INS, 993 F.2d 80, 83 (5th Cir. 1993) (internal quotation marks and citation omitted). We review the BIA's "rulings of law de novo, but ... defer to the BIA's interpretation of immigration regulations if the interpretation is reasonable." Lopez-Gomez v. Ashcroft, 263 F.3d 442, 444 (5th Cir. 2001) (internal footnote omitted). This court "generally review[s] only the BIA's decision because the BIA conducts a de novo review of the administrative record." See Alarcon-Chavez v. Gonzalez, 403 F.3d 343, 345 (5th Cir. 2005).

## III.

Mai argues that the BIA abused its discretion and violated his due process rights when it denied his motion to reopen on the basis that his counsel during his original proceedings was ineffective. He asserts that the error by his counsel substantially prejudiced him by preventing a fair presentation of his case, by causing him to lose his legal status, and by foreclosing otherwise available defenses.

Although an alien has no Sixth Amendment right to effective counsel during removal proceedings, Goonsuwan v. Ashcroft, 252 F.3d 383, 385 n.2 (5th Cir. 2001), this court has repeatedly assumed without deciding that an alien's claim of ineffective assistance

4

may implicate due process concerns under the Fifth Amendment. <u>See e.g.</u>, <u>Assad v. Ashcroft</u>, 378 F.3d 471, 475 (5th Cir. 2004). While the source and extent of this due process right remain unclear, we need not resolve this ambiguity in this case. As Mai points out, the BIA itself has determined that ineffective assistance of counsel is a valid ground for reopening a deportation case, <u>see</u> <u>Matter of Aasad</u>, 23 I. & N. Dec. 553, 556 (BIA 2003), in "egregious circumstances," <u>Matter of Lozada</u>, 19 I. & N. Dec. 637, 639 (BIA), <u>aff'd</u>, 857 F.2d 10 (1st Cir. 1988)). "We may assume, without having to decide because the issue is not raised, that the Board's decision to allow aliens to claim ineffective assistance of counsel as a basis for reopening deportation proceedings is within the scope of the Board's discretionary authority even though it is probably not compelled by statute or the Constitution." <u>Stroe v. INS</u>, 256 F.3d 498, 501 (7th Cir. 2001) (Posner, J.).

To support a claim for ineffective assistance, an alien in removal proceedings must (1) provide an affidavit attesting the relevant facts, including a statement of the terms of the attorney-client agreement; (2) inform counsel of the allegations and allow counsel an opportunity to respond; (3) file or explain why a grievance has not been filed against the offending attorney. <u>Lara v. Trominski</u>, 216 F.3d 487, 496 (5th Cir. 2000) (citing <u>Matter of Lozada</u>, 19 I. & N. Dec. at 629). The alien must also show that counsel's actions were prejudicial to his case. <u>Matter of Lozada</u>, 19 I. & N. Dec. at 640. Given that the BIA has created this avenue

5

for relief, the BIA must be "reasoned" in granting it, <u>Allentown Mack Sales & Service, Inc. v. NLRB</u>, 522 U.S. 359, 374 (1998). The Board's decision must not be "without rational explanation" and must not "inexplicably depart from [its] established policies." <u>Diaz-Resendez v. INS</u>, 960 F.2d 493, 495 (5th Cir. 1992) (citing <u>Martinez-Montoya v. INS</u>, 904 F.2d 1018 (5th Cir. 1990)).

In this case, the BIA found that Mai had met the procedural requirements of <u>Matter of Lozada</u>, but held that he had failed to demonstrate prejudice because the decision made by his counsel to admit both allegations was strategic. The BIA stated:

> The respondent argues that his former counsel prejudiced him when he admitted a false claim to citizenship allegation, yet denied a false claim to citizenship charge. We have stated that absent "egregious circumstances" an attorney's statements and actions are binding on this client. We note that the transcript of the respondent's February 25, 2002 hearing indicates that when former counsel was asked by the Immigration Judge if denial of the respondent's two charges were his tactic in the case, the former counsel affirmatively answered that it was his tactic. We cannot find evidence in the record that former counsel's action was an egregious tactical decision.

The BIA appears therefore to have based its denial of the motion to reopen on its finding that Mai's counsel was not ineffective.[1]

---

[1] The record reflects that the BIA never considered whether Mai would have been able to defeat the false citizenship charge, had not his attorney preemptively admitted that allegation. The record also reflects that the BIA never considered whether Mai would have received the requested § 212(c) waiver, had his attorney not admitted to the false citizenship charge.

6

We cannot agree with the BIA's assessment of Mai's counsel. The effect of admitting the false claim of citizenship charge was to cut off all available avenues of relief for Mai without any apparent counter-advantage. Mai was charged with two independent grounds of inadmissibility: (1) his previous burglary conviction and (2) the false claim of citizenship. If Mai's counsel had admitted only to the previous burglary conviction, the IJ found (and no one seems to contest) that he would have been eligible to apply for a discretionary waiver of inadmissibility from the Attorney General under the former INA § 212(c), 8 U.S.C. § 1182(c).[2] This possibility was foreclosed, however, when Mai's

---

The record does show that the IJ found that, but for the alleged false claim to citizenship, Mai would have been eligible to seek a § 212(c) waiver. This determination was not overturned by the BIA in its decisions of August 30, 2004 and November 4, 2004. In its August 30 decision, the BIA denied Mai's motion to reopen, rejecting his ineffective assistance claim; the BIA then separately considered and denied his alternative request to apply simultaneously for a § 212(c) waiver and cancellation of removal and for relief based on his refugee status. The BIA found Mai ineligible for § 212(c) relief because this type of waiver "is unavailable to waive two grounds of inadmissibility when one ground, that being the respondent's false claim to citizenship, is not subject to waiver."

In its decision of November 4, 2004 denying Mai's motion for reconsideration, the BIA affirmed its earlier decision holding that Mai had not established prejudice by his former attorney and that Mai had not established eligibility for either section § 212(c) waiver or cancellation of removal, given his attorney's decision to admit both charges. Because the BIA concluded that counsel had behaved strategically in admitting both allegations, it never considered whether Mai would have qualified for § 212(c) relief, absent his attorney's admission.

[2] INA § 212(c) stated: "Aliens lawfully admitted for permanent residence who temporarily proceeded abroad voluntarily and not

7

counsel admitted to both charges. At that point, a § 212(c) waiver would have been insufficient to permit Mai to remain in the country because he would still have been inadmissible on the false claim of citizenship charge, which, as the IJ found, is non-waivable.[3] To defeat this second charge, Mai would have needed to apply for cancellation of removal by the Attorney General under INA § 240A(a), 8 U.S.C. § 1229b(b).[4] The problem for Mai is that an alien who has received relief under § 212(c) may not also receive relief under § 240A. See INA § 240A(c)(6), 8 U.S.C. § 1229b(c)(6) (stating that an alien who has been granted relief under § 212(c) is not eligible for § 240A relief). Therefore, if Mai received a waiver of inadmissibility for his burglary conviction under §

---

under an order of deportation, and who are returning to a lawful unrelinquished domicile of seven consecutive years, may be admitted in the discretion of the Attorney General." This section has since been repealed, but in INS v. St. Cyr, 533 U.S. 289 (2001), the Supreme Court held that legal permanent residents who pled guilty to crimes prior to the repeal of § 212(c) could still apply for discretionary relief under that provision.

[3] Mai's counsel seems to have attempted to request both § 212(c) and § 212(i) relief from this charge, apparently not recognizing that the possibility of § 212(c) relief had been eliminated five years before the date of the false claim charge and that § 212(i) waiver relief was not ever available for persons charged with inadmissibility under § 212(a)(6)(c)(ii).

[4] INA § 240A(a) provides: "The Attorney General may cancel removal in the case of an alien who is inadmissible or deportable from the United States if the alien –
(1) has been an alien lawfully admitted for permanent residence for not less than 5 years,
(2) has resided in the United States continuously for 7 years after having been admitted in any status, and
(3) has not been convicted of any aggravated felony."

212(c), he would automatically be rendered ineligible for cancellation of removal under § 240A(a) for the false claim of citizenship charge and would still be inadmissible. As the IJ also noted during the hearing, Mai was, in any event, ineligible for § 240A cancellation because its prerequisites include seven years of continuous residence, which in Mai's case was interrupted by his burglary offense in 1992. See § 240A(a) (requiring seven years of residence in the United States after having been admitted in any status in order to qualify for cancellation of removal); § 240A(d)(1) (stating that continuous residence is deemed to end when an alien commits an offense referred to in INS § 212(a)(2), 8 U.S.C. § 1182(a)(2) that renders the alien inadmissible).

Thus, by admitting the false claim charge -- a charge Mai strongly denied -- Mai's counsel ensured that he was deprived of all possibility for relief from deportation. The BIA and the Government have presented no plausible explanation for how counsel's strategy resulted in any possible tactical advantage for Mai; indeed, to the contrary, counsel's blunder doomed Mai's chances for remaining in this country. Under these circumstances we find that the BIA's determination that Mai's counsel's admissions were strategic is unsupported by the evidence, and the BIA abused its discretion in denying the motion to reopen on these grounds. We therefore grant the petition and remand the case to

the BIA for consideration of whether, under the agency standard for ineffective assistance of counsel, Mai was prejudiced.[5]

PETITION GRANTED; CASE REMANDED.

---

[5]Mai makes several arguments in the alternative. Because we find that the BIA's findings as to his ineffectiveness claim were unsupported by the evidence, we do not reach these additional claims.