**United States Court of Appeals**

**Fifth Circuit**

**F I L E D**

**March 15, 2007**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

————————————

No. 05-60701
Summary Calendar

————————————

NAZIR NOORRUDDIN CHARANIA; MUNIRA CHARANIA; MONISHA
CHARANIA; ALI CHARANIA,

                                        Petitioners,

versus

ALBERTO R. GONZALES, U. S. ATTORNEY GENERAL,

                                        Respondent.

--------------------
Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A73 577 729
BIA No. A73 577 730
BIA No. A73 556 558
BIA No. A73 556 569
--------------------

Before SMITH, WIENER, and OWEN, Circuit Judges.

PER CURIAM:[*]

     Petitioners seek review of an order by the Board of
Immigration Appeals (BIA) affirming the immigration judge's (IJ)
denial of their claims for asylum and withholding of removal. They
contend that the assistance they received from counsel was so
ineffective that it impinged on their due process rights.

     As Petitioners raise a constitutional issue, we have
jurisdiction to consider their petition. See Mai v. Gonzales, 473

_____

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

F.3d 162, 164 (5th Cir. 2006). Petitioners' ineffective assistance claims, however, relate to their hope of obtaining discretionary relief under 8 U.S.C. § 1255(i). They thus have not alleged the deprivation of an interest vested with due process protections. See Mireles-Valdez v. Ashcroft, 349 F.3d 213, 219 (5th Cir. 2003). Their petition for review of the BIA's final removal order is therefore denied. To the extent that the petition is construed as seeking review from the BIA's denial of Petitioners' motion to reopen on grounds of ineffective assistance and due process, it is likewise denied. By failing to challenge the BIA's decision that they are not entitled to asylum or withholding of removal, Petitioners have abandoned any challenge in that regard. See Soadjede v. Ashcroft, 324 F.3d 830, 833 (5th Cir. 2003); Yohey v. Collins, 985 F.2d 222, 224-25 (5th Cir. 1993).

The petition for review is DENIED.