# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 1, 2008

Charles R. Fulbruge III
Clerk

No. 08-60225
Summary Calendar

BENNY SETIANTO

Petitioner

v.

MICHAEL B MUKASEY, U.S. ATTORNEY GENERAL

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A97 740 739

Before HIGGINBOTHAM, BARKSDALE, and ELROD, Circuit Judges.

PER CURIAM:[*]

Benny Setianto, a native and citizen of Indonesia, petitions for review of the Board of Immigration Appeals' (BIA) order (1) affirming the immigration judge's (IJ) denial of his application for asylum, withholding of removal, and protection under the Convention Against Torture, and (2) denying his motion to remand for consideration of new evidence. Setianto challenges only the BIA's denial of his motion to remand.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Such a motion is treated as a motion to reopen removal proceedings, and it is reviewed under the standards applicable to motions to reopen. Wang v. Ashcroft, 260 F.3d 448, 451-52 (5th Cir. 2001); In re Coelho, 20 I. & N. Dec. 464, 471 (BIA 1992). The BIA's denial of a motion to reopen is reviewed "under a highly differential abuse-of-discretion standard". Zhao v. Gonzales, 404 F.3d 295, 303 (5th Cir. 2005). That discretion will not be disturbed unless it is arbitrary, capricious, racially invidious, or utterly without evidentiary foundation. Mai v. Gonzales, 473 F.3d 162, 164 (5th Cir. 2006).

In his motion for remand, Setianto requested that his case be remanded to the IJ for consideration of new evidence that he was homosexual. The BIA denied the motion on the ground that the new evidence could have been presented at the initial hearing before the IJ.

In support of his contention that the evidence of his homosexuality was not available at his earlier hearing, Setianto claims: he had a good explanation for not presenting the evidence at the hearing due to cultural taboos and his lack of knowledge the information was relevant; and he did not know his sexual orientation himself until after the hearing before the IJ. Regarding the BIA's decision, Setianto contends: the BIA may order remand for consideration of new evidence even if the evidence was available at the time of the earlier hearing; the new evidence was material because the potential for future persecution on the basis of his sexual orientation is significant; and the BIA acted in an arbitrary and capricious manner because its rejection of his motion to remand was summary and conclusory.

Setianto's allegation regarding cultural taboos and his lack of knowledge of the relevance of his sexual orientation explains why Setianto did not present evidence of his homosexuality at the hearing before the IJ, but it does not show that he could not have presented the evidence at the hearing before the IJ. As Setianto was required to show that he could not have presented the evidence at

the hearing, this claim is not sufficient to show the BIA abused its discretion. See 8 C.F.R. § 1003.2(c)(1).

Setianto did not contend before the BIA that he did not know he was homosexual. He raises this claim for the first time in his reply brief. As Setianto did not raise this claim before the BIA, this court does not have jurisdiction to consider it, and this portion of the petition for review is dismissed. See Wang, 260 F.3d at 452-53.

Setianto's contention that the BIA may remand a case for consideration of new evidence even if the evidence was previously available is based upon a case that he does not sufficiently cite and that he admits is non-precedential. As the assertion is not sufficiently supported and is contrary to the plain language of the relevant regulation, Setianto has not shown the BIA abused its discretion. See 8 C.F.R. § 1003.2(c)(1). Setianto's contention that the new evidence was material is insufficient, as Setianto was required to show the new evidence was both material and previously unavailable. See id. Setianto's challenge to the sufficiency of the BIA's analysis also fails as the BIA meaningfully addressed Setianto's motion to remand. Osuchukwu v. INS, 744 F.2d 1136, 1142 (5th Cir. 1984) (providing the BIA "has no duty to write an exegesis on every contention"). Setianto has not shown the BIA abused its discretion by denying his motion to remand. See Mai, 473 F.3d at 164.

DENIED in PART, DISMISSED in PART.