# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 11, 2008

Charles R. Fulbruge III
Clerk

No. 08-60098
Summary Calendar

JOSE WILDER ABANTO-ARIAS

Petitioner

v.

MICHAEL B MUKASEY, U S ATTORNEY GENERAL

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A29 769 684

Before REAVLEY, DAVIS, and ELROD, Circuit Judges.

PER CURIAM:[*]

Jose Wilder Abanto-Arias, a native and citizen of Peru, petitions for review of the denial of his motion to reopen, in which he argued that he was ordered deported in absentia and without notice of the hearing at which his deportation was ordered. We previously granted the respondent's motion to remand Abanto's case to the Board of Immigration Appeals (BIA) for determination whether Abanto was represented by Attorney Louis Alvarez when Alvarez signed a stipulation for a voluntary departure on June 15, 1989. The BIA in

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

turn remanded the case to an immigration judge (IJ) for determination whether Alvarez represented Abanto.

Abanto contends that the BIA erred by rejecting his motion to reopen based on lack of notice as time barred, as there is no time bar or numerical limitation on motions to reopen based on lack of notice. He asserts that the IJ and BIA were under the incorrect impression that he sought reopening based solely on the availability of an adjustment of status because he had married an American citizen, and not that he sought reopening based on lack of notice. He argues that the IJ and BIA incorrectly found him to be noncredible, and contends that his deportation order should be rescinded and his case reopened so that he can seek adjustment of status. He further argues that he was ordered deported in absentia because he did not have notice of, and was not present at, the June 15, 1989, proceeding at which voluntary departure was granted.

"This court reviews the BIA's denial of a motion to reopen for abuse of discretion." Mai v. Gonzales, 473 F.3d 162, 164 (5th Cir. 2006). Because the IJ's decision affected the BIA's finding that Alvarez represented Abanto, we review the decisions of both the BIA and the IJ. See Mikhael v. INS, 115 F.3d 299, 302 (5th Cir. 1997).

On a petition for review of a BIA decision, this court reviews factual findings for substantial evidence and questions of law de novo. Lopez-Gomez v. Ashcroft, 263 F.3d 442, 444 (5th Cir. 2001). The substantial-evidence standard requires only that the BIA's conclusion be based on the evidence presented and that the decision is substantially reasonable. Carbajal-Gonzalez v. INS, 78 F.3d 194, 197 (5th Cir. 1996). This court will not overturn a BIA factual finding unless the evidence compels a contrary conclusion. Efe v. Ashcroft, 293 F.3d 899, 905 (5th Cir. 2002).

The IJ has the duty to make credibility determinations concerning witnesses. Chun v. INS, 40 F.3d 76, 78 (5th Cir. 1994). This court gives great deference to a factfinder's decisions concerning an alien's credibility. Efe, 293

F.3d at 905. This court does not substitute its judgment for that of the BIA or IJ with respect to witness credibility or ultimate factual findings based on credibility determinations. Id. When an IJ's credibility determination is based on "a reasonable interpretation of the record and therefore supported by substantial evidence," it will be upheld. Chun, 40 F.3d at 79. The IJ's credibility determination may not be overturned unless the record compels it. Id.

An alien who is ordered removed in absentia, but who is able to demonstrate that he did not receive notice of the removal proceeding, may file a motion to reopen, seeking rescission of the order. 8 U.S.C. § 1229a(b)(5)(C)(ii). There is no limitations period on such a motion. Id. A deportation order entered by agreement and without a hearing does not qualify as a proceeding in absentia. See Qoku v. Gonzales, 156 F. App'x 703, 706 (5th Cir. 2005). Thus, if Alvarez represented Abanto and acted with Abanto's consent, then there was no order entered in absentia.

The IJ's finding that Alvarez represented Abanto as to the voluntary departure stipulation agreement is supported by substantial evidence in the record. See Carbajal-Gonzalez, 78 F.3d at 197. Alvarez and Attorney Gregory Ball, who signed the stipulation for voluntary departure on behalf of the former Immigration and Naturalization Service, testified as to how they and the immigration court proceeded with such stipulations in 1989. Moreover, the evidence does not compel overturning the IJ's determination that Abanto was not credible. See Chun, 40 F.3d at 79. On the IJ's findings, because Abanto was represented by counsel and was granted voluntary departure pursuant to a stipulation agreement, he was not ordered deported in absentia, see Qoku, 156 F. App'x at 706, and was not eligible for reopening pursuant to § 1229a(b)(5)(C)(ii).

PETITION DENIED.