**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

April 27, 2009

Charles R. Fulbruge III
Clerk

No. 07-60767
Summary Calendar

LILIAM AMPARO RESTREPO-MEJIA; PAOLA OSORIO-RESTREPO;
ANDREA OSORIO-RESTREPO;

Petitioners

v.

ERIC H HOLDER, JR, U S ATTORNEY GENERAL

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A94 807 499
BIA No. A94 807 750
BIA No. A94 807 751

Before REAVLEY, DAVIS, and ELROD, Circuit Judges.

PER CURIAM:[*]

Liliam Amparo Restrepo-Mejia and her two minor daughters, Paola
Osorio-Restrepo and Andrea Osorio-Restrepo, petition for review of the final
order of removal by the Board of Immigration Appeals (BIA) as well as the BIA's
order denying their motion to reopen their case. The petitioners sought to

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion
should not be published and is not precedent except under the limited
circumstances set forth in 5TH CIR. R. 47.5.4.

reopen on the basis of new, material evidence of Restrepo-Mejia's medical condition and the alleged ineffective assistance of counsel.

The decision to reopen proceedings is a discretionary decision and, contrary to the petitioners' assertion, this court applies a highly deferential abuse of discretion standard when reviewing the BIA's denial of a motion to reopen. *Lara v. Trominski*, 216 F.3d 487, 496 (5th Cir. 2000). "Such discretion is not to be disturbed so long as it is not capricious, racially invidious, utterly without foundation in the evidence, or otherwise so aberrational that it is arbitrary rather than the result of any perceptible rational approach." *Manzano-Garcia v. Gonzales*, 413 F.3d 462, 469 (5th Cir. 2005) (internal quotation marks and citation omitted).

The BIA must deny a motion to reopen unless "the evidence sought to be offered is material and was not available and could not have been discovered or presented at the former hearing." *Ogbemudia v. INS*, 988 F.2d 595, 599-600 (5th Cir. 1993); *see also INS v. Abudu*, 485 U.S. 94, 108 (1988) (stating that the evidence must be "new and material"). The BIA's determination that Restrepo-Mejia's evidence was not new or material was not an abuse of discretion. Thus, the BIA did not err in denying the motion to reopen on that basis. *Ogbemudia*, 988 F.2d at 599-600.

To prevail on a claim of ineffective assistance of counsel at a deportation proceeding, an alien must show (1) ineffective representation and (2) substantial prejudice, which occurred as a result of the ineffective representation. *See Miranda-Lores v. INS*, 17 F.3d 84, 85 (5th Cir. 1994). Proving prejudice requires that the petitioner make a prima facie showing that on reopening there is a reasonable likelihood that the relief sought would be granted. *See id.; Guevara Flores v. INS*, 786 F.2d 1242, 1247 (5th Cir. 1986).

Because the petitioners failed to establish that, but for the alleged ineffectiveness of counsel, they would have been granted asylum, the BIA did not

abuse its discretion in denying the motion to reopen on this basis. *See Miranda-Lores*, 17 F.3d at 85; *Mai v. Gonzales*, 473 F.3d 162, 164 (5th Cir. 2006).

Because, according to the petitioners, their challenge to the BIA's underlying denial of asylum and withholding of removal is dependant on the success of their complaints of ineffective assistance of counsel and their intertwined complaint about Restrepo-Mejia's medical condition, which we have determined to be without merit, we deny the petition for review in so far as it challenges the BIA's underlying final order of removal. For the foregoing reasons, the petitions for review of the BIA's decisions are denied.

DENIED.