# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
October 28, 2009

Charles R. Fulbruge III
Clerk

No. 08-61051
Summary Calendar

PETER MRINA,

Petitioner

v.

ERIC H. HOLDER, JR., U. S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A97 681 598

Before KING, STEWART, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Peter Mrina, a native and citizen of Tanzania, accepted voluntary departure in lieu of removal and waived his right to appeal at a hearing before an Immigration Judge (IJ) on October 18, 2007. He timely filed a motion to reopen, claiming eligibility for adjustment of status and ineffective assistance of counsel. The IJ denied the motion on December 20, 2007. Three months later, Mrina filed a second motion to reopen the proceedings, which the IJ denied as

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

barred by the rule limiting motions to reopen to one. On appeal, the Board of Immigration Appeals (BIA) affirmed the IJ's decision but ordered the IJ to reissue its December 20, 2007, decision denying the motion to reopen. The IJ complied on July 7, 2008. Mrina appealed the reissued decision, and the BIA affirmed. Mrina filed a motion for reconsideration. Mrina now petitions for review of the BIA's decisions affirming the reissued decision and denying the motion for reconsideration. Mrina has also moved for appointment of counsel and to strike the government's brief as untimely. The government filed its brief prior to the filing deadline, and we accordingly deny the motion to strike. For the following reasons, we deny Mrina's petition for review; we also deny the motion for appointment of counsel.

Mrina contends that his counsel was ineffective in failing to submit documentary evidence with the first motion to reopen. This evidence was submitted with his second motion to reopen and consists of an approved labor certification by the Department of Labor, an application for an alien worker visa, and an application for adjustment of status. We review denial of a motion to reopen "'under a highly deferential abuse-of-discretion standard.'" *Singh v. Gonzales*, 436 F.3d 484, 487 (5th Cir. 2006) (quoting *Zhao v. Gonzales*, 404 F.3d 295, 303 (5th Cir. 2005)). Under this standard, the decision may be reversed only if it is "'capricious, racially invidious, utterly without foundation in the evidence, or otherwise so irrational that it is arbitrary rather than the result of any perceptible rational approach.'" *Id.* (quoting *Zhao*, 404 F.3d at 304).

The BIA concluded that Mrina had failed to establish *prima facie* eligibility for adjustment of status under INA § 203(b), 8 U.S.C. § 1153(b). Specifically, the BIA found that Mrina was barred by INA § 245(c)(2) and (8), 8 U.S.C. § 1255(c)(2) and (8), and had not established waiver under INA § 245(k), 8 U.S.C. § 1255(k), or eligibility under INA § 245(i), 8 U.S.C. § 1255(i). Mrina has waived any challenge to this conclusion by not addressing it in his brief. *See*

*Hongyok v. Gonzales*, 492 F.3d 547, 551 n.5 (5th Cir. 2007). Mrina's ineffective assistance of counsel claim is foreclosed by this waiver because he cannot demonstrate that counsel's performance prejudiced his case during the first motion to reopen. *See Mai v. Gonzales*, 473 F.3d 162, 165 (5th Cir. 2006). This waiver similarly precludes Mrina from claiming that the BIA abused its discretion when it affirmed the denial of his second motion to reopen.

Mrina's motions for appointment of counsel and to strike the government's brief are DENIED. Mrina's petition for review is DENIED.