# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 14, 2009

No. 09-60376
Summary Calendar

Charles R. Fulbruge III
Clerk

FAROOQ AHMED

Petitioner

v.

ERIC H. HOLDER, JR., U.S. ATTORNEY GENERAL

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
A074159584

Before BENAVIDES, PRADO, SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Farooq Ahmed, a native and citizen of Pakistan, seeks review of the Board of Immigration Appeals' (BIA) decision to affirm the Immigration Judge's (IJ) denying Ahmed's motion to reopen the removal proceedings based on his recent diagnosis as AIDS/HIV positive. Ahmed did not petition this Court for review of the BIA's removal decision on December 8, 2008. Thus, we only consider the BIA's April 20, 2009 decision to deny Ahmed's motion to reopen.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

This Court has jurisdiction over this petition pursuant to INA § 242(a)(1), 8 U.S.C. § 1251(a)(1). A motion to reopen must establish sufficient facts as to show a prima facie case of eligibility for the relief sought. *INS v. Doherty*, 502 U.S. 314, 323 (1992); *Bahramnia v. INS*, 782 F.2d 1243, 1245 (5th Cir. 1986). A denial for a motion to reopen is reviewed under the deferential abuse of discretion standard. *Zhao v. Gonzales*, 404 F.3d 295, 302-03 (5th Cir. 2005). We have interpreted this standard to uphold the denial unless the decision was capricious, racially invidious, utterly without foundational evidence, or so aberrational as to be arbitrary and not a rational interpretation. *See Doherty*, 502 U.S. at 323; *Pritchett v. INS*, 993 F.2d 80, 83 (5th Cir. 1993).

Ahmed contends that it was abuse of discretion for the BIA to deny his motion to reopen. Ahmed argues that changes in his personal life and within Pakistan warranted his new asylum application, including his recent diagnosis as HIV positive. In considering these claims, the BIA found by judicial notice that the State Department's 2008 Human Rights Report showed no observed persecution based on HIV/AIDS status from government services or society in general, and that a slow, positive change was also occurring even though some discrimination remains. *See Eduard v. Ashcroft*, 379 F.3d 182, 187 n.4 (5th Cir. 2004) (stating that discrimination does not equate to persecution for purposes of asylum or withholding of removal). While Ahmed introduced several pieces of evidence, none indicate that persecution of HIV positive individuals is occurring. Moreover, Ahmed's lab reports only show that antibodies to HIV may be present, and he did not present evidence to establish that he has AIDS. Ahmed cannot establish a prima facie case for asylum or withholding of removal to merit reopening. The BIA, however, did make evidentiary findings that showed individuals who have AIDS or are HIV positive do not face persecution. Given the fact finding made by the BIA, its decision was not arbitrary or an abuse of discretion. *See Mai v. Gonzalez*, 473 F.3d 162, 164 (5th Cir. 2006)

(noting the abuse of discretion standard requires the BIA not to act in an arbitrary or capricious manner and reversing for failure to support its decision and reasoning by a foundation of evidence).

Ahmed also alleges other errors in the BIA's findings on Ahmed's homosexuality and eligibility for asylum under his conditions and circumstances. We are without jurisdiction, however, to review these discretionary matters as Ahmed failed to file a petition for review by this Court within the required 30 day period. *See* INA § 242(b)(1), 8 U.S.C. § 1252(b)(1).

Accordingly, Ahmed's petition to reopen is DENIED.