# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 27, 2011

No. 11-60006
Summary Calendar

Lyle W. Cayce
Clerk

MAHESH C. JANI,

Petitioner

v.

ERIC H. HOLDER, JR., U. S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A074 585 661

Before REAVLEY, SMITH and PRADO, Circuit Judges.

PER CURIAM:[*]

Mahesh C. Jani, a native and citizen of India, petitions this court for review of the decision of the Board of Immigration Appeals (BIA) denying his motion to reopen his January 1996 deportation proceedings held in absentia.

Motions to reopen deportation proceedings are not favored. *INS v. Doherty*, 502 U.S. 314, 323 (1992). This court reviews the BIA's denial of a motion to reopen "under a highly deferential abuse-of-discretion standard." *Zhao v. Gonzales*, 404 F.3d 295, 303 (5th Cir. 2005). That discretion will not be

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

disturbed unless it is arbitrary, capricious, racially invidious, or utterly without evidentiary foundation. *Mai v. Gonzales*, 473 F.3d 162, 164 (5th Cir. 2006). The BIA's factual findings are reviewed under the substantial evidence test, under which this court may not overturn the BIA's factual findings unless the evidence compels a contrary conclusion. *Chun v. INS*, 40 F.3d 76, 78 (5th Cir. 1994).

Although Jani argues that the BIA erred by finding that the record did not evidence his inability to understand the notice of his deportation proceeding written in English, he cites no evidence compelling a contrary conclusion. *See id.* Contrary to his contention, the record contains no affidavit supporting his claim that the interpreter at his bond hearing misinformed him that his case would be transferred to New York, and counsel's assertions regarding this alleged misinformation do not constitute evidence. *See INS v. Phinpathya*, 464 U.S. 183, 188 n.6 (1984). Nor do counsel's unsupported representations regarding the practices of the Immigration and Naturalization Service in 1995 constitute evidence that the case should have been transferred to New York as a matter of course following Jani's release on bond. *See id.* Jani fails to show that the BIA abused its discretion by denying his motion to reopen. *See Zhao*, 404 F.3d at 303.

Jani's petition for review is DENIED.