**Antony Mugo WAWERU, Petitioner**

v.

**Eric H. HOLDER, Jr., U.S. Attorney General, Respondent.**

**No. 11–60187**
**Summary Calendar.**

United States Court of Appeals,
Fifth Circuit.

Jan. 4, 2012.

**470**

Antony Mugo Waweru, Haskell, TX, pro se.

Tangerlia Cox, U.S. Department of Justice Office of Immigration Litigation, Washington, DC, for Respondent.

Before KING, JOLLY, and SMITH, Circuit Judges.

PER CURIAM: *

Antony Mugo Waweru, a native and citizen of Kenya, petitions this court for review of a decision of the Board of Immigration Appeals (BIA) dismissing his appeal from a final order of removal, wherein the immigration judge (IJ) denied Waweru's applications for a waiver of inadmissibility and for adjustment of status. He argues that his due process rights were violated by ineffective assistance of counsel and that the IJ applied the wrong legal standards when consider-

ing his affidavit in support of his application for adjustment of status and when considering his application for a waiver of inadmissibility.

A federal court's jurisdiction over an immigration proceeding is governed by 8 U.S.C. § 1252. Section 1252(a)(2)(C) "generally prohibits judicial review of 'any final order of removal against an alien who is removable by reason of having committed' certain designated criminal offenses." *Larin–Ulloa v. Gonzales*, 462 F.3d 456, 460–61 (5th Cir.2006); *see also* § 1252(a)(2)(C). Because the IJ determined that Waweru was removable based on his conviction of two crimes involving moral turpitude, this court would ordinarily lack jurisdiction to review that order. However, § 1252(a)(2)(D) provides that judicial review of "constitutional claims or questions of law" is not precluded. *Larin–Ulloa*, 462 F.3d at 461.

We review the BIA's findings of fact for substantial evidence and its legal determinations de novo. *Lopez–Gomez v. Ashcroft*, 263 F.3d 442, 444 (5th Cir.2001). This court reviews the BIA's decision and the decision of the IJ to the extent that it influenced the BIA. *Zhu v. Gonzales*, 493 F.3d 588, 593–94 (5th Cir.2007).

█ Waweru argues that his right to due process was violated because his counsel rendered ineffective assistance when she failed to list both crimes that rendered Waweru inadmissible on his application for a waiver of inadmissibility. He argues that he was prejudiced by counsel's actions because, had both crimes been included on the application, it is "more likely than not that the IJ could have granted the waiver giving him an opportunity to pursue his

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

adjustment of status based on his marriage to an American citizen."

As the Government correctly notes, this court has previously held that an alien in removal proceedings does not have a Sixth Amendment right to effective assistance of counsel. *See Mai v. Gonzales*, 473 F.3d 162, 165 (5th Cir.2006). While "this court has repeatedly assumed without deciding that an alien's claim of ineffective assistance may implicate due process concerns under the Fifth Amendment," *see id.*, that is not the case here. Waweru seeks purely discretionary relief in the form of a waiver of inadmissibility and adjustment of status. *See Martinez v. Mukasey*, 519 F.3d 532, 542 (5th Cir.2008); *Hadwani v. Gonzales*, 445 F.3d 798, 800 (5th Cir.2006). Because the failure to obtain discretionary relief does not constitute the deprivation of a liberty interest, Waweru has not due process right to effective assistance of counsel in pursuit of that relief. *See Gutierrez–Morales v. Homan*, 461 F.3d 605, 609 (5th Cir.2006).

Waweru argues that the IJ incorrectly interpreted the financial affidavit in support of his application for adjustment of status and erroneously determined that he was financially ineligible for relief. The IJ, in his oral opinion, did determine that Waweru was financially ineligible for relief; however, in his subsequent written opinion, the IJ amended his oral order, concluding that the supporting affidavit established that Waweru met the financial requirements for relief. Therefore, this argument is without merit.

██ Finally, Waweru argues that the IJ applied the wrong legal standard when determining whether he had demonstrated he was eligible for a waiver of inadmissibility. Waweru contends that the IJ applied the "exceptional and extremely unusual hardship" standard, which is reserved for people who have committed violent or dangerous crimes. Contrary to Waweru's assertion, there is no evidence in the record that either the IJ or the BIA required Waweru to satisfy a heightened standard for relief. Therefore, this argument is without merit. Accordingly, the petition for review is DENIED.