# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-10282

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

SAMMY SUNGBUM CHANG, also known as Sung Bum Chang,

Defendant - Appellant

United States Court of Appeals
Fifth Circuit

**FILED**

February 4, 2016

Lyle W. Cayce
Clerk

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:14-CV-1173

Before ELROD, GRAVES, and COSTA, Circuit Judges.

PER CURIAM:*

Sammy Sungbum Chang appeals the district court's judgment revoking his naturalization. Chang is a native of South Korea who became a naturalized United States citizen in 2005. The next year, Chang pleaded guilty to (1) conspiring to provide or obtain forced labor in violation of 18 U.S.C. §§ 371 and 1589 and (2) providing and obtaining, and attempting to provide and obtain, forced labor in violation of 18 U.S.C. §§ 1589 and 1594(a). As part of his plea

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

agreement, Chang admitted that from December 2004 to April 2005—during the time he was applying for naturalization—he "recruited and brought young Korean women from South Korea to Dallas, Texas, to obtain and maintain their labor and services as club hostesses" at a club Chang owned.  Chang forced the women, who were in the country illegally, to live at his residence and work at his club to pay off their smuggling debt.[1]  Chang was sentenced to ten years' imprisonment, and we affirmed his sentence on appeal.  *United States v. Sung Bum Chang*, 237 F. App'x 985 (5th Cir. 2007).

In 2014, the government filed the instant civil suit against Chang, seeking to revoke his naturalization under 8 U.S.C. § 1451(a) because his naturalization was illegally procured or procured by concealment of a material fact or by willful misrepresentation.  The district court granted the government's motion for judgment on the pleadings, finding that Chang had illegally procured his naturalization because he was not a person of good moral character at the time he was naturalized.[2]  *See* 8 U.S.C. § 1427(a) ("No person . . . shall be naturalized unless such applicant . . . [during the five years before the applicant submits his application] has been and still is a person of good moral character . . . ."); 8 C.F.R. § 316.10(b)(3) ("Unless the applicant establishes extenuating circumstances, the applicant shall be found to lack good moral character if, during the statutory period, the applicant . . .

---

[1] Although Chang did not stipulate to the number of women he forced into labor, we noted in our opinion upholding his sentence that "[b]etween fifty and sixty women lived in Chang's home under similar arrangements between 2003 and 2005." *United States v. Sung Bum Chang*, 237 F. App'x 985, 986 (5th Cir. 2007).

[2] The district court did not reach the government's second ground for denaturalization, namely, Chang's willful misrepresentations.  It is undisputed that Chang in February 2005—during the time he later admitted he was involved in the criminal conspiracy—signed a naturalization form stating that he had not knowingly committed any crime for which he had not been arrested.

No. 15-10282

[c]ommitted unlawful acts that adversely reflect upon the applicant's moral character . . . .").

Chang appeals the district court's order, arguing that: (1) the government breached its plea agreement with Chang by pursuing his denaturalization; (2) the district court erred by accepting documents from his criminal case and immigration proceedings as evidence that he had illegally obtained United States citizenship; (3) the affidavit of good cause submitted by the government was materially defective, depriving the district court of jurisdiction; and (4) Chang received ineffective assistance of counsel before the district court. We review a district court's judgment on the pleadings *de novo*. *Doe v. MySpace, Inc.*, 528 F.3d 413, 418 (5th Cir. 2008).

Chang's arguments are meritless.[3] Chang's plea agreement expressly states that it "does not prohibit any civil or administrative proceedings against Chang." The documents from Chang's criminal case and immigration proceedings were properly subject to judicial notice. The affidavit of good cause was signed under penalty of perjury and satisfied the requirements of 8 U.S.C. § 1451(a). Finally, Chang has not cited any authority establishing that he is entitled to the effective assistance of counsel in a denaturalization action, nor has he established prejudice. *See Mai v. Gonzales*, 473 F.3d 162, 165 (5th Cir. 2006) (to support a claim for ineffective assistance of counsel in removal proceedings, assuming that such claim is cognizable under the Fifth Amendment, an alien must show "that counsel's actions were prejudicial to his case").

Furthermore, Chang does not dispute that he conspired to smuggle numerous young women into the United States and subjected them to forced

---

[3] Because Chang did not raise in the district court his arguments regarding breach of the plea agreement and ineffective assistance of counsel, these arguments are also procedurally barred. *Doe*, 528 F.3d at 422.

labor during the time that he was applying for naturalization, or that he represented on multiple occasions during the naturalization process that he had not committed crimes for which he had not been convicted.  Under these circumstances, we have no difficulty agreeing with the district court that Chang's naturalization was illegally procured because he lacked the requisite good moral character.

Accordingly, we AFFIRM.[4]

---

[4] After he filed this appeal, Chang was ordered removed from the United States.  We temporarily stayed his removal proceedings pending further order of the court, and we now DENY Chang's motion to stay.