# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

August 25, 2017

Lyle W. Cayce
Clerk

No. 16-60525
Summary Calendar

MIGUEL SILVA GAMERO, also known as Miguel Silva Gamero,

Petitioner

v.

JEFFERSON B. SESSIONS, III, U. S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A088 835 668

Before WIENER, DENNIS, and SOUTHWICK, Circuit Judges.

PER CURIAM:*

Miguel Silva Gamero, a native and citizen of Mexico, has filed a petition for this court to review the decision of the Board of Immigration Appeals ("BIA") denying his motion to reopen as untimely and numerically barred. Silva Gamero argues that the BIA abused its discretion because it did not equitably toll the time and number limitations on statutory motions to reopen. He contends equitable tolling was warranted because he received ineffective

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

assistance of counsel when his first attorney arrived at his immigration hearing unprepared to argue the merits of his withholding of removal application and his second attorney filed a motion to reopen that did not include an ineffective assistance of counsel claim against his first attorney.

At his immigration hearing, Silva Gamero argued that he should receive withholding of removal based on his membership in a particular social group, "members of the Silva family who've returned from the United States and are being targeted for their continued ties to the United States." He does not now argue that a different nexus for relief exists that would support his application. However, "[w]e do not recognize economic extortion as a form of persecution under immigration law." *Gonzalez-Soto v. Lynch*, 841 F.3d 682, 684 (5th Cir. 2016) (quotation marks and citation omitted). "Further, persons believed to be wealthy because they are returning to their home country from the United States do not constitute a sufficiently particular social group to support an application for withholding of removal." *Id.*

By failing to present a prima facie case for withholding of removal, Silva Gamero has failed to demonstrate that he was prejudiced by his first attorney's representation at the hearing on that issue. *See Mai v. Gonzales*, 473 F.3d 162, 165 (5th Cir. 2006); *Anwar v. I.N.S.,* 116 F.3d 140, 145 (5th Cir. 1997). He has thus also failed to demonstrate that his second attorney had a valid basis to argue an ineffective assistance of counsel claim in his first motion to reopen or that her decision not to do so prejudiced his case. *See Mai*, 473 F.3d at 165. The BIA did not abuse its discretion when it denied Silva Gamero's motion to reopen as untimely and numerically barred. *See Lugo-Resendez v. Lynch*, 831 F.3d 337, 343-44 (5th Cir. 2016); *Banda-Ortiz v. Gonzales*, 445 F.3d 387, 389 (5th Cir. 2006); *Zhao v. Gonzales*, 404 F.3d 295, 303 (5th Cir. 2005). The petition for review is DENIED.