# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-60603
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

August 8, 2018

Lyle W. Cayce
Clerk

DANIEL MAREL ACOSTA-SARMIENTO,

Petitioner

v.

JEFFERSON B. SESSIONS, III, U. S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A098 285 863

Before BENAVIDES, OWEN, and ENGELHARDT, Circuit Judges.

PER CURIAM:*

Daniel Marel Acosta-Sarmiento, a native and citizen of Honduras, petitions this court for review of an order of the Board of Immigration Appeals (BIA) denying his motion to reopen in which he contended that he received ineffective assistance of counsel during his removal proceedings. In those proceedings, he unsuccessfully raised several grounds for relief, including that he was entitled to withholding of removal on the basis that he feared

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

persecution in Honduras because of his membership in a particular social group, specifically, his family. We review the decision to deny the motion to reopen for abuse of discretion and will uphold it "so long as it is not capricious, racially invidious, utterly without foundation in the evidence, or otherwise so aberrational that it is arbitrary rather than the result of any perceptible rational approach." *Mai v. Gonzales*, 473 F.3d 162, 164 (5th Cir. 2006) (internal quotation marks and citation omitted).

In his brief in this court, Acosta-Sarmiento contends that his counsel was ineffective because he misstated the applicable particular social group, did not argue that there was a nexus between Acosta-Sarmiento's group membership and the harm he suffered, and neglected to assert that Acosta-Sarmiento was not merely the victim of generalized violence or civil unrest. Acosta-Sarmiento did not raise these claims of ineffective assistance of counsel in his motion to reopen. Thus, we lack jurisdiction to consider them. *See Wang v. Ashcroft*, 260 F.3d 448, 452-53 (5th Cir. 2001); *see also* 8 U.S.C. § 1252(d)(1).

Though Acosta-Sarmiento faults the BIA for ignoring his contention that counsel was ineffective for not presenting a legal argument in support of the withholding of removal claim, he does not identify a specific, meritorious legal argument neglected by counsel and overlooked by the BIA. To the extent that he contends that the BIA overlooked counsel's alleged missteps in the framing of his social group and the nexus between the group and the harm he endured, he did not raise these arguments in his motion to reopen, and so the BIA did not abuse its discretion in not mentioning them. *Cf. Diaz-Resendez v. INS*, 960 F.2d 493, 495 (5th Cir. 1992) (explaining that the BIA abuses its discretion where it fails to meaningfully address material factors relating to an alien's claim).

No. 17-60603

The sole claim of ineffective assistance of counsel that Acosta-Sarmiento raised in both his motion to reopen and his brief in this court is that counsel neglected to challenge the immigration judge's (IJ's) and BIA's finding that Acosta-Sarmiento was not physically harmed or personally threatened. However, even if counsel's oversight was sufficiently unprofessional to rise to the level of ineffective assistance, Acosta-Sarmiento has not shown how this error prejudiced his case. *See Mai*, 473 F.3d at 165. Had counsel convinced the IJ or the BIA that Acosta-Sarmiento had been physically harmed or threatened, this would not have overcome the determination, which was fatal to his claim for relief, that he had not shown that he was harmed on account of his family membership. Thus, the BIA did not abuse its discretion in determining that Acosta-Sarmiento failed to make a prima facie showing that had counsel raised this argument, there is a reasonable likelihood that he would be entitled to withholding of removal. *See Mai*, 473 F.3d at 164; *Miranda-Lores v. INS*, 17 F.3d 84, 85 (5th Cir. 1994).

The petition for review is DISMISSED in part and DENIED in part.