# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 17-60705
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
September 14, 2018

Lyle W. Cayce
Clerk

LONGRU WEI; YIBIAO LIAO,

Petitioners

v.

JEFFERSON B. SESSIONS, III, U. S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A201 260 360
BIA No. A201 260 361

Before DENNIS, CLEMENT, and OWEN, Circuit Judges.

PER CURIAM:*

Longru Wei and Yibiao Liao, natives and citizens of China, petition this court for review of the decision of the Board of Immigration Appeals (BIA) denying their motion to reopen their removal proceedings. After the BIA denied Wei's applications for relief, which listed her son, Yibiao, as a derivative applicant, Wei filed a motion to reopen claiming that two of her previous

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

lawyers had rendered ineffective assistance.  The BIA denied Wei's motion to reopen after holding that she failed to establish that she suffered ineffective assistance of counsel or that she was substantially prejudiced as a result of her attorneys' ineffective assistance.

Motions to reopen removal proceedings are disfavored, and the moving party must bear a heavy burden. *Altamirano-Lopez v. Gonzales*, 435 F.3d 547, 549 (5th Cir. 2006).  We review an immigration court's denial of a motion to reopen removal proceedings "under a highly deferential abuse-of-discretion standard." *Lugo-Resendez v. Lynch*, 831 F.3d 337, 340 (5th Cir. 2016) (internal quotation marks and citation omitted).  Under that standard, we will uphold the decision "so long as it is not capricious, racially invidious, utterly without foundation in the evidence, or otherwise so aberrational that it is arbitrary rather than the result of any perceptible rational approach." *Mai v. Gonzales*, 473 F.3d 162, 164 (5th Cir. 2006) (internal quotation marks and citation omitted).

Before us, Wei contends that (1) the BIA's findings were not supported by the record or its previous findings; (2) the BIA could have taken administrative notice of Congressional reports she submitted in support of her motion to reopen to show the available evidence that her second counsel should have submitted to support her asylum claims; (3) the BIA erred in its conclusory rejection of her claim that her second counsel failed to develop the record; and (4) the BIA erred by failing to recognize that she was substantially prejudiced by her third counsel's failure to file a motion to reopen based on *Matter of Lozada*, 19 I. & N. Dec. 637 (B.I.A. 1988).  To the extent that Wei challenges the adequacy of the BIA's reasoning, we find the BIA's explanations sufficient.  *See Efe v. Ashcroft*, 293 F.3d 899, 908 (5th Cir. 2002).  Our

No. 17-60705

examination of the record and the BIA's decision does not reveal any abuse of discretion.

The petition for review is DENIED.