# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 18-60234
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

July 26, 2019

Lyle W. Cayce
Clerk

TAOHEED OLABIYI AJAO, also known as Taoheed Ajao, also known as Michael Smith,

Petitioner

v.

WILLIAM P. BARR, U.S. ATTORNEY GENERAL,

Respondent

Petitions for Review of an Order of the
Board of Immigration Appeals
BIA No. A055 581 694

Before JOLLY, JONES, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Taoheed Olabiyi Ajao, a native and citizen of Nigeria, originally entered the United States as a lawful permanent resident. When he returned from a trip to Nigeria in 2013, he was paroled into the United States and was prosecuted for crimes he committed before he left the United States. He was subsequently convicted of the fraudulent use or possession of identifying

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

information in violation of Texas Penal Code § 32.51(c)(2) and three counts of credit or debit card abuse in violation of Texas Penal Code § 32.31. Later, he was again convicted of the fraudulent use or possession of identifying information in violation of § 32.51.

Currently, Ajao has two petitions for review before us. Ajao's petition for review filed in February 2018 was not timely filed as to the November 2017 decision of the Board of Immigration Appeals (BIA); thus, we do not have jurisdiction to review that decision. *See* 8 U.S.C. § 1252(b)(1); *Kane v. Holder*, 581 F.3d 231, 237 n.14 (5th Cir. 2009). His petitions for review of the March 2018 and the September 2018 decisions were timely filed within the 30-day period and, therefore, jurisdiction to review those decisions is proper. *See Kane*, 581 F.3d at 237 n.14.

Regarding the BIA's denial of his motion for reconsideration, Ajao does not identify any error in the BIA's decision. Accordingly, he has waived any argument that the BIA erred in denying his motion for reconsideration by failing to brief it adequately. *See Sharma v. Holder*, 729 F.3d 407, 411 n.1 (5th Cir. 2013).

Ajao did not show that the BIA abused its discretion in denying his first motion to reopen based on ineffective assistance of counsel. He concedes that he did not comply with the requirements of *Matter of Lozada*, 19 I. & N. Dec. 637 (BIA 1988). We may not consider his argument that the attorney who filed the motion to reopen was ineffective for failing to comply with *Lozada* because Ajao did not present this argument to the BIA. *See Omari v. Holder*, 562 F.3d 314, 318-19 (5th Cir. 2009). The BIA did not err in holding that Ajao failed to show he was prejudiced by his counsel's error. *See Mai v. Gonzales*, 473 F.3d 162, 165 (5th Cir. 2006). Ajao's convictions constituted crimes involving moral turpitude (CIMT) because they involved the intent to harm or defraud. *See*

No. 18-60234

*Nino v. Holder*, 690 F.3d 691, 696 (5th Cir. 2012).  Because Ajao was charged with an offense constituting a CIMT, he was properly treated as an arriving alien when he returned to the United States in 2013.  *See Munoz v. Holder*, 755 F.3d 366, 370 (5th Cir. 2014).  We may not consider his argument that his deferred adjudications were not final convictions because he did not present it to the BIA.  *See Omari*, 562 F.3d at 318-19.  Thus, Ajao did not demonstrate that, but for his counsel's error, there is a reasonable likelihood that he would have been entitled to immigration relief.  *See Mai*, 473 F.3d at 165.  For the same reasons, he has not shown that the BIA abused its discretion in denying his second motion to reopen.

Finally, Ajao's remaining arguments lack merit.  He may not collaterally attack his criminal convictions in a petition for review.  *See Singh v. Holder*, 568 F.3d 525, 528 (5th Cir. 2009).  He has not shown that his due process rights were violated because he was removed from the United States while his petition for review was pending.  *See Nken v. Holder*, 556 U.S. 418, 424-25 (2009).

In view of the foregoing, Ajao's petitions for review are DENIED IN PART and DISMISSED IN PART for lack of jurisdiction.  His motion for appointment of counsel is DENIED.