# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

November 22, 2021

Lyle W. Cayce
Clerk

No. 20-60371
Summary Calendar

BESSY JANAYRA VELASQUEZ-LOPEZ; BREYNER ALAYN GODOY-
VELASQUEZ,

*Petitioners*,

*versus*

MERRICK GARLAND, *U.S. Attorney General*,

*Respondent*.

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A206 799 631
BIA No. A 206 799 632

Before BARKSDALE, WILLETT, and DUNCAN, *Circuit Judges*.

PER CURIAM:*

On behalf of herself and her minor child, Bessy Janayra Velasquez-
Lopez, a native and citizen of Honduras, petitions for review of the Board of

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 20-60371

Immigration Appeals' (BIA) denying her motion to reopen, based on ineffective assistance of counsel, due to:  untimeliness; and failure to demonstrate the actions of her former counsel resulted in the denial of her asylum and withholding-of-removal applications.  Velasquez contends her former attorneys erred by:  not securing her husband's testimony for corroboration; not timely moving to consolidate her and her husband's proceedings; offering a vague particular social group; and lying to her.

Motions to reopen are reviewed under an understandably "highly deferential abuse of discretion standard".  *Lara v. Trominski*, 216 F.3d 487, 496 (5th Cir. 2000).  For the following reasons, Velasquez fails to meet that high standard.

A motion to reopen can be based on ineffective assistance of counsel, but petitioner must demonstrate that, absent deficient performance, relief would have been granted.  *Mai v. Gonzales*, 473 F.3d 162, 165–67 (5th Cir. 2006) (holding BIA abused its discretion in denying motion to reopen and remanding for further proceedings regarding whether counsel's actions prejudiced petitioner).

Velasquez' missing-testimony contention is unavailing because, as the BIA observed, the Immigration Judge noted a lack of corroborating evidence but also denied her challenges on the merits.  Velasquez' consolidation challenge similarly fails because she has not offered any reason why consolidation of her and her husband's proceedings would have changed the agency's analysis, nor has she asserted consolidation would have caused any new evidence to be introduced.

Accordingly, neither challenge supports her prior counsel made any errors affecting the outcome of her proceedings.  *See Beckham v. Wainwright*, 639 F.2d 262, 265–67 (5th Cir. 1981) (holding defendant received ineffective assistance of counsel).  Because the BIA relied on lack of prejudice to dismiss

No. 20-60371

Velasquez' appeal based on untimeliness and the merits, our court need not address her tolling challenge.

As for Velasquez' remaining contentions, her ineffective assistance challenge regarding a particular social group is unexhausted because she did not raise it to the BIA. *Omari v. Holder*, 562 F.3d 314, 321–23 (5th Cir. 2009) (noting petitioner must present challenge to BIA to satisfy exhaustion requirement). Likewise, her contention her former attorneys lied to her is abandoned, *inter alia*, for failure to brief adequately. *See Hollis v. Lynch*, 827 F.3d 436, 451 (5th Cir. 2016) (noting "lone mention" of contention in opening brief, without supporting explanation, insufficient).

DISMISSED IN PART, DENIED IN PART.