# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

April 13, 2011

No. 09-60352

Lyle W. Cayce
Clerk

FRANCISCO CASTREJON BUSTAMANTE,

Petitioner

v.

ERIC H. HOLDER, JR., U.S. ATTORNEY GENERAL,

Respondent

On Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A089 935 805

Before GARWOOD, GARZA and DENNIS, Circuit Judges.

PER CURIAM:[*]

Petitioner Francisco Castrejon Bustamante ("Castrejon"), a native and
citizen of Mexico, seeks review of an order of the Board of Immigration Appeals
("BIA") dismissing an appeal of the denial of his motion to reopen. *See In re
Francisco Castrejon-Bustamante a.k.a. Francisco Castrejon*, No. A089 935 805
(B.I.A. 2009). The immigration judge ("IJ") originally granted Castrejon
voluntary departure. Castrejon filed a motion to reopen, which the IJ denied.
Castrejon appealed to the BIA. At some point before the BIA ruled on the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

appeal, Castrejon was removed from the United States. The BIA found that because Castrejon had been lawfully removed while subject to an order of removal and while his appeal was pending, his appeal was effectively withdrawn pursuant to 8 C.F.R. § 1003.4. In the alternative, the BIA held that, even if Castrejon's appeal had not been withdrawn, the appeal would be dismissed on the merits. We agree with the BIA that, whatever the correct interpretation of § 1003.4, Castrejon's petition fails on the merits. Accordingly, we DENY the petition for review.

"In reviewing the denial of a motion to reopen, this court applies a highly deferential abuse-of-discretion standard, regardless of the basis of the alien's request for relief." *Gomez-Palacios v. Holder*, 560 F.3d 354, 358 (5th Cir. 2009) (citation omitted). We review the BIA's legal conclusions de novo and its factual findings "under the substantial-evidence test, meaning that this court may not overturn the BIA's factual findings unless the evidence compels a contrary conclusion." *Id.* (citation omitted). "Although an alien has no Sixth Amendment right to effective counsel during removal proceedings, this court has repeatedly assumed without deciding that an alien's claim of ineffective assistance may implicate due process concerns under the Fifth Amendment." *Mai v. Gonzales*, 473 F.3d 162, 165 (5th Cir. 2006) (citations omitted). To establish a claim of ineffective assistance before the BIA, Castrejon must show not only deficient performance but also that counsel's actions were prejudicial to the case. *Id.*

Castrejon argues that he was denied effective assistance of counsel in his immigration proceedings because his counsel failed to seek adjustment of status or cancellation of removal, as well a because his counsel did not to contest alienage. We disagree. First, there is no proof that Castrejon was eligible for an adjustment of status. Castrejon conceded before the IJ that he did not satisfy the procedural requirements of being admitted or paroled after inspection. *See* 8 U.S.C. § 1255(a). While adjustment of status may be available to some I-130

No. 09-60352

beneficiaries who entered the United States without inspection, the relevant petition must have been filed on or before April 30, 2001.   8 U.S.C. § 1255(i)(1)(A)-(B).   Castrejon has not shown that he was the beneficiary of a petition filed before that date.   As for cancellation of removal, Castrejon failed to establish that his removal would result in exceptional and extremely unusual hardship to his U.S. citizen spouse.   *See* 8 U.S.C. § 1229b(b)(1)(D).   Finally, Castrejon has failed to demonstrate that the decision to concede alienage was anything but an ordinary tactical decision, made in order to swiftly obtain voluntary departure and avoid the entry of a removal order.   *Cf. Mai*, 473 F.3d at 167 (finding that counsel was deficient where there was "no plausible explanation for how counsel's strategy resulted in any possible tactical advantage").

Castrejon has raised various additional alleged violations of due process. Before Castrejon is found to have suffered a denial of due process, however, he must show that he has been substantially prejudiced.   *See Bolvito v. Mukasey*, 527 F.3d 428, 438 (5th Cir. 2008) (citing *Anwar v. INS*, 116 F.3d 140, 144 (5th Cir. 1997) ("Due process challenges to deportation proceedings require an initial showing of substantial prejudice.")).   Since Castrejon has not shown that the alleged violations resulted in the denial of any form of relief to which he was entitled, the BIA did not abuse its discretion in finding that Castrejon did not demonstrate that he suffered a denial of due process.

Based on the foregoing, the petition for review is hereby DENIED.