# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 15, 2013

Lyle W. Cayce
Clerk

No. 12-60313
Summary Calendar

JINYANG ZHUANG,

Petitioner

v.

ERIC H. HOLDER, JR., U. S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A087 597 601

Before HIGGINBOTHAM, OWEN, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Jinyang Zhuang, a native and citizen of China, applied for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT") based on his Christian religion. The immigration judge ("IJ") issued an oral decision denying relief. The IJ determined that Zhuang was credible but that his interrogation at the hands of the police did not establish past persecution based on his own religious practice. The IJ also determined that although "it is likely that [Zhuang] would be investigated for his activities," he

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

had not established that it was "likely that he would be persecuted or tortured based on these activities." The Board of Immigration Appeals ("BIA") affirmed the IJ's decision and dismissed the appeal.

Zhuang argues that the IJ and BIA erred in denying his application for asylum, withholding of removal, and relief under the CAT. We review factual findings for substantial evidence. *Lopez-Gomez v. Ashcroft*, 263 F.3d 442, 444 (5th Cir. 2001). "Under this standard, reversal is improper unless [the court] decide[s] not only that the evidence supports a contrary conclusion, but [also] that the evidence *compels* it." *Zhang v. Gonzales*, 432 F.3d 339, 344 (5th Cir. 2005) (quotation marks omitted).

The BIA found that being slapped during the interrogation did not constitute persecution. Zhuang does not challenge the BIA's recitation of his testimony, but he simply asserts that the BIA reached an incorrect conclusion. Zhuang has not shown that the evidence, which is undisputed in this case, compels a contrary determination. *See Chen v. Gonzales*, 470 F.3d 1131, 1134 (5th Cir. 2006). Because the BIA did not err in finding that there was no past persecution, it is not necessary to address whether the past persecution was based on his religion.

The alternative asylum ground, a well-founded fear of persecution, exists when "a reasonable person in the same circumstances would fear persecution if deported." *Jukic v. INS*, 40 F.3d 747, 749 (5th Cir. 1994). Only "extreme conduct" may establish persecution. *Tesfamichael v. Gonzales*, 469 F.3d 109, 116 (5th Cir. 2006). Both the BIA and the IJ noted that Zhuang asserted he feared persecution if he returned to China because the Neighborhood Committee in his hometown wanted him arrested for distributing religious materials that he had brought back from the United States. Arguably, the March 19, 2009 order of the Neighborhood Committee could support a finding of a well-founded fear of future persecution, but it would not compel such a finding. *See Chen*, 470 F.3d at 1134. Zhuang has not shown that the BIA erred by denying asylum.

To be eligible for withholding of removal, an applicant must establish that there is a clear probability that he will be persecuted upon his return to his home country. *Roy v. Ashcroft*, 389 F.3d 132, 138 (5th Cir. 2004). "An applicant who has failed to establish the less stringent 'well-founded fear' standard of proof required for asylum relief is necessarily also unable to establish an entitlement to withholding of removal." *Dayo v. Holder*, 687 F.3d 653, 658-59 (5th Cir. 2012) (quotation marks omitted). Zhuang has not shown that the BIA erred by denying withholding of removal.

In order to obtain CAT relief, "an applicant must show that it is more likely than not that he would be tortured if returned to his home country." *Zhang*, 432 F.3d at 344-45 (quotation marks omitted).

> Torture is defined as any act by which severe pain or suffering . . . is intentionally inflicted on a person . . . for any reason . . . when such pain or suffering is inflicted by or at the instigation of or with the consent or acquiescence of a public official or other person acting in an official capacity.

8 C.F.R. § 208.18(a)(1). As discussed above, the evidence in the record does not compel a finding that Zhuang, more likely than not, would be tortured if returned to China. Zhuang has not shown that the BIA erred by denying relief under the CAT. *See Chen*, 470 F.3d at 1134.

As part of his main argument, Zhuang contends the BIA abused its discretion by denying his motion to remand for additional evidence. A motion to remand for the consideration of new evidence is considered to be the same in substance as a motion to reopen removal proceedings and is reviewed under the standards applicable to motions to reopen. *See Wang v. Ashcroft*, 260 F.3d 448, 451-52 (5th Cir. 2001). This court reviews the BIA's denial of a motion to reopen "under a highly deferential abuse-of-discretion standard." *Zhao v. Gonzales*, 404 F.3d 295, 303 (5th Cir. 2005). The new evidence consisted of an April 28, 2010, order by the Neighborhood Committee ordering Zhuang to "surrender himself to justice at once for leniency" and that a failure to report would result in severe

punishment.  This order was identical in substance to the prior order discussed above.  The BIA found that the new evidence was redundant and was not likely to change the outcome of the case.  Zhuang has not shown that the BIA abused its discretion.  *See Mai v. Gonzales*, 473 F.3d 162, 164 (5th Cir. 2006).

Zhuang's petition for review is DENIED.