# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-60368
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

March 25, 2016

Lyle W. Cayce
Clerk

FEKRI MUHANAD OWDA,

Petitioner

v.

LORETTA LYNCH, U. S. ATTORNEY GENERAL,

Respondent

Petitions for Review of an Order of the
Board of Immigration Appeals
BIA No. A088 613 409

Before REAVLEY, SMITH, and HAYNES, Circuit Judges.
PER CURIAM:[*]

Fekri Muhanad Owda, a stateless Palestinian, petitions this court for review of decisions of the Board of Immigration Appeals (BIA) dismissing his appeal of an immigration judge's ruling denying his applications for asylum, withholding of removal, relief under the Convention Against Torture (CAT), and adjustment of status and denying his motions for reconsideration and reopening.  By failing to address the reasons underlying the denial of his

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

application for adjustment of status in his opening brief, Owda has waived the issue. *See Bouchikhi v. Holder*, 676 F.3d 173, 179 (5th Cir. 2012).

Owda argues for the first time in his petitions for review that the immigration judge (IJ) violated his due process rights by failing to ensure that he had competent counsel and by failing to protect him from the effects of counsel's ineffective assistance by providing him with additional time to obtain evidence corroborating his claims. Because Owda failed to exhaust his administrative remedies with respect to these claims, this court lacks jurisdiction to consider them. *See Roy v. Ashcroft*, 389 F.3d 132, 137 (5th Cir. 2004); *see also Omari v. Holder*, 562 F.3d 314, 324-25 (5th Cir. 2009).

We review the adverse credibility determination Owda challenges under the substantial evidence standard. *See Wang v. Holder*, 569 F.3d 531, 536 (5th Cir. 2009). Under this standard, "reversal is improper unless the court decides not only that the evidence supports a contrary conclusion, but also that the evidence compels it." *Orellana-Monson v. Holder*, 685 F.3d 511, 518 (5th Cir. 2012) (internal quotation marks and citation omitted). Because the BIA's opinion relied upon the IJ's decision, this court will consider both decisions. *See Theodros v. Gonzales*, 490 F.3d 396, 400 (5th Cir. 2007).

The record, considered as a whole, does not compel the conclusion that Owda was credible. *See Wang*, 569 F.3d at 537-38. The IJ provided specific, cogent reasons derived from the record in support of the adverse credibility finding. *See Zhang v. Gonzales*, 432 F.3d 339, 344 (5th Cir. 2005). The inconsistencies, omissions, and implausible aspects of Owda's claim, as identified by the BIA and the IJ, support an adverse credibility finding based on the totality of the circumstances. *See Wang*, 569 F.3d at 538-39. As Owda failed to sufficiently corroborate his claims with credible evidence, *see id.* at 537, there was no basis for the BIA to reverse the IJ's decision and grant

No. 14-60368

Owda's applications for relief from removal. *See Chun v. INS*, 40 F.3d 76, 79 (5th Cir. 1994).

Owda's contention that the IJ and the BIA erred by failing to conduct a separate credibility determination for purposes of his CAT claim is unavailing. Owda's claims for asylum, withholding of removal, and CAT relief were based on the same factual basis. As stated above, the record does not compel a determination contrary to the finding that Owda was not credible. *See Wang*, 569 F.3d at 537. As such, there is no basis for determining that Owda warrants CAT relief. *See Chun*, 40 F.3d at 79; *Efe v. Ashcroft*, 293 F.3d 899, 906-08 (5th Cir. 2002).

We review the denial of Owda's motion for reconsideration under a highly deferential abuse of discretion standard and "will not disturb the BIA's discretion so long as it is not capricious, racially invidious, utterly without foundation in the evidence, or otherwise so irrational that it is arbitrary rather than the result of any perceptible rational approach." *Chambers v. Mukasey*, 520 F.3d 445, 448 (5th Cir. 2008). A motion for reconsideration must be confined to challenges to the BIA's initial decision, and "is not the proper avenue for raising new issues or arguments." *Omari*, 562 F.3d at 319.

The arguments raised by Owda in the motion for reconsideration are directed at perceived errors in the IJ's decision. Contrary to Owda's argument, there is no reason he could not have raised these challenges in his direct appeal to the BIA. Accordingly the BIA did not abuse its discretion by denying the motion. *Id.*

We likewise review Owda's challenges to the denial of his motion for reopening under a highly deferential abuse of discretion standard. *See Zhao v. Gonzales*, 404 F.3d 295, 303 (5th Cir. 2005). Owda contends that the BIA

3

abused its discretion by denying his motion to reopen the proceedings based on ineffective assistance of counsel and changed country conditions.

Owda has not established that any action or inaction by counsel prevented him from pursuing his rights. *See Mai v. Gonzales*, 473 F.3d 162, 165 (5th Cir. 2006). The record establishes that Owda was on notice for six months prior to his asylum hearing about the possibility that counsel would withdraw based on Owda's failure to satisfy his financial obligations and limitations within the scope of the legal services agreement. Counsel also notified Owda of the importance of presenting a complete asylum application to the IJ. Counsel's withdrawal from the representation, which occurred three months prior to Owda's asylum hearing and was due Owda's lack of cooperation, in no way prevented Owda from obtaining other counsel or pursuing his asylum application. In light of the record before the BIA, the decision to deny Owda's motion to reopen on the grounds of ineffective assistance of counsel was not capricious, racially invidious, without foundation, or arbitrary. *See Zhao*, 404 F.3d at 304.

The standard for determining whether there has been a material change in country conditions calls for comparing the evidence of country conditions submitted with the motion to those that existed at the time of the removal hearing. *See Panjwani v. Gonzales*, 401 F.3d 626, 633 (5th Cir. 2005); *Matter of S-Y-G*, 24 I. & N. Dec. 247, 253 (BIA 2007). A review of the materials offered by Owda does not establish that country conditions in Palestine materially changed since his 2008 removal hearing. Moreover, given the adverse credibility determination, Owda cannot establish prima facie eligibility for the relief he seeks. Thus, Owda has not shown that the BIA's decision was "capricious, racially invidious, utterly without foundation in the

evidence, or otherwise so irrational that it is arbitrary rather than the result of any perceptible rational approach." *See Zhao*, 404 F.3d at 304.

In light of the foregoing, the petitions for review are DISMISSED IN PART for lack of jurisdiction and DENIED IN PART.