Alan Reeve Jackson, Assistant U.S. Attorney, Mary Ann Cozby, Assistant U.S. Attorney, Traci Lynne Kenner, Assistant U.S. Attorney, U.S. Attorney's Office, Eastern District of Texas., Tyler, TX, Plaintiff-Appellee

Michael Jay Hawley, Pro Se

Before HIGGINBOTHAM, PRADO, and HAYNES, Circuit Judges.

PER CURIAM: *

Michael Jay Hawley, federal prisoner # 15687-078, was convicted of conspiracy to manufacture methamphetamine and possession of a firearm during and in furtherance of a drug trafficking crime. He appeals the denial of his 18 U.S.C. § 3582(c)(2) motion for a reduction of sen-

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under

tence. Hawley argues that he is entitled to a reduction under Sentencing Guidelines Amendment 782 and contends that the district court should have applied the offense level agreed upon in the plea agreement. He also asserts that the district court offered insufficient reasons for denying the motion.

Hawley is ineligible for a sentence reduction because he was sentenced below the amended guidelines range of imprisonment. *See* U.S.S.G. § 1B1.10(b)(2)(A), p.s.; *United States v. Doublin*, 572 F.3d 235, 238 (5th Cir. 2009). The district court was not required to provide reasons for its denial of the § 3582(c)(2) motion. *See United States v. Evans*, 587 F.3d 667, 674 (5th Cir. 2009).

The judgment of the district court is AFFIRMED.

**Victor RODRIGUEZ-SALAZAR, also known as Gonzalo Fernandez-Angel, Petitioner**

v.

**Jefferson B. SESSIONS, III, U. S. Attorney General, Respondent**

**No. 15-60771**
**Summary Calendar**

United States Court of Appeals, Fifth Circuit.

Filed June 21, 2017

the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Simon M. Azar-Farr, Esq., Simon Azar-Farr & Associates, San Antonio, TX, for Petitioner

Walter Bocchini, Esq., Trial Attorney, Office of Immigration Litigation, Thankful Townsend Vanderstar, Esq., U.S. Department of Justice, Civil Division/OIL, Washington, DC, for Respondent

Before STEWART, Chief Judge, and CLEMENT and SOUTHWICK, Circuit Judges.

PER CURIAM: *

Victor Rodriguez-Salazar, a native and citizen of Mexico, was ordered removed from the United States. He petitions for review of a decision by the Board of Immigration Appeals (BIA) dismissing his appeal and denying his motion to reopen.

Rodriguez-Salazar appeared before the immigration judge and conceded that he was inadmissible under 8 U.S.C. § 1182(a)(6)(A)(i) as an alien who had entered this country without inspection, and he was ordered removed to Mexico. Rodriguez-Salazar's counsel worked with counsel for the Department of Homeland Security (DHS), and the parties agreed that Rodriguez-Salazar could apply to adjust his status to that of a legal permanent resident. When the DHS conducted its usual fingerprint and background checks, however, it learned that Rodriguez-Salazar had sustained two convictions in 1986, under the alias Gonzalo Fernandez-Angel, for aiding and abetting the illegal entry of aliens into the United States, in violation of 8 U.S.C. § 1325(a) and 18 U.S.C. § 2. Those convictions rendered Rodriguez-Salazar inadmissible on the additional ground that he was an alien smuggler for purposes of § 1182(a)(6)(E)(i), and there is no dispute that there is no waiver of inadmissibility for an alien convicted of alien smuggling. Counsel sought no further relief and preserved the matter for appeal. On appeal, Rodriguez-Salazar raised only claims of ineffective assistance of counsel, and he sought to have the BIA reopen his immigration proceedings.

Adjustment of status is a discretionary form of relief from removal. *See Ahmed v. Gonzales*, 447 F.3d 433, 440 (5th Cir. 2006). Accordingly, this court may only review the denial of that relief if there was a legal or constitutional error. *See* 8 U.S.C. § 1252(a)(2)(B)(ii), (a)(2)(D). Rodriguez-Salazar argues that his attorney rendered ineffective assistance during his immigration proceedings. Thus, we have jurisdiction to review the dismissal of his appeal to the extent that he presents a constitutional claim.

"Although an alien has no Sixth Amendment right to effective counsel during removal proceedings, this court has repeatedly assumed without deciding that an alien's claim of ineffective assistance may implicate due process concerns under the Fifth Amendment." *Mai v. Gonzales*, 473 F.3d 162, 165 (5th Cir. 2006) (internal citation omitted). We need not resolve the nature and extent of the due process right in this case, particularly as the BIA has recognized and developed procedures for addressing such a claim. *See id.* Moreover, Rodriguez-Salazar's Fifth Amendment due process rights are not implicated here because the discretionary relief from removal "is not a liberty or property right that requires due process protection." *Ahmed*, 447 F.3d at 440. "Concomitantly, when there is no due process right to the ultimate relief sought, there is no due process right to effective assistance of counsel in

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under

the limited circumstances set forth in 5TH CIR. R. 47.5.4.

pursuit of that relief." *Gutierrez-Morales v. Homan*, 461 F.3d 605, 609 (5th Cir. 2006).

Thus, Rodriguez-Salazar had no Fifth Amendment right to the effective assistance of counsel in seeking either adjustment of status, cancellation of removal, or voluntary departure because those are all discretionary forms of relief. *See Dada v. Mukasey*, 554 U.S. 1, 8, 128 S.Ct. 2307, 171 L.Ed.2d 178 (2008); *Tula Rubio v. Lynch*, 787 F.3d 288, 290 (5th Cir. 2015); *Ahmed*, 447 F.3d at 440. To the extent that Rodriguez-Salazar challenges the dismissal of his appeal by the BIA, his petition for review is dismissed because he has not presented a substantial constitutional claim. *See Gutierrez-Morales*, 461 F.3d at 609-10; *Assaad v. Ashcroft*, 378 F.3d 471, 476 (5th Cir. 2004).

We may review the denial of Rodriguez-Salazar's motion to reopen since "the BIA itself has determined that ineffective assistance of counsel is a valid ground for reopening a deportation case." *Mai*, 473 F.3d at 165. With respect to the denial of his motion to reopen, Rodriguez first argues that counsel should not have presented the immigration judge with documentation of a criminal record that precluded him from receiving relief, but he willfully abandons that argument in his reply brief. *See Soadjede v. Ashcroft*, 324 F.3d 830, 833 (5th Cir. 2003). He also argues that counsel performed deficiently in deciding to abandon his application for cancellation of removal and in failing to request voluntary departure. Further, he argues, the BIA should have explained in detail why it found his claim that he would have been granted cancellation of removal and voluntary departure to be speculative.

Having reviewed the administrative record, we conclude that the BIA's denial of Rodriguez-Salazar's motion to reopen was not "capricious, racially invidious, utterly without foundation in the evidence, or otherwise so irrational that it is arbitrary rather than the result of any perceptible rational approach." *Singh v. Gonzales*, 436 F.3d 484, 487 (5th Cir. 2006) (internal quotation marks and citation omitted). Under the highly deferential abuse-of-discretion standard we apply in reviewing that denial, *Zhao v. Gonzales*, 404 F.3d 295, 303 (5th Cir. 2005), it must be upheld, *Singh*, 436 F.3d at 487. Accordingly, to the extent that Rodriguez-Salazar challenges the denial of his motion to reopen, his petition for review is denied.

PETITION FOR REVIEW DISMISSED IN PART and DENIED IN PART.