# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**
April 30, 2020

Lyle W. Cayce
Clerk

No. 18-60838

RUDY OVIDIO NORATO LOPEZ,

> Petitioner

v.

WILLIAM P. BARR, U. S. ATTORNEY GENERAL,

> Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No.  A205 650 932

Before STEWART, DENNIS, and HAYNES, Circuit Judges.

PER CURIAM:*

Rudy Ovidio Norato Lopez (Norato Lopez), a native and citizen of Guatemala, seeks review of a Board of Immigration Appeals (BIA) order dismissing his appeal from an Immigration Judge's (IJ) denial of his motion to reopen and denying his motion to remand.  We DENY the petition for review.

## I.

Norato Lopez entered the United States on an unknown date, was arrested for driving while intoxicated on January 29, 2013, and was

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

subsequently convicted.  On April 30, 2013, he was served with a Notice to Appear (NTA), charging him with being subject to removal for entering the United States without being admitted or paroled.  Norato Lopez subsequently appeared before the IJ, admitted the allegations, and conceded removability. He requested relief in the form of voluntary departure.  He did not request any other relief.  On September 22, 2016, the IJ issued an order granting Norato Lopez's request for voluntary departure.

On December 21, 2016, newly-retained counsel for Norato Lopez submitted a motion to reopen immigration proceedings, asserting that prior counsel was ineffective for failing to advise him of the possibility of relief in the form of withholding of removal.  Norato Lopez contended that he was prejudiced by counsel's failure because, but for his counsel's failure to advise him of the possibility of this type of relief, he would have requested withholding of removal based on his fear of returning to Guatemala.  Accompanying the motion was an application for withholding of removal and an affidavit wherein Norato Lopez stated that his father was "being persecuted in Guatemala at the hands of gang members who have threatened to kill our entire family."

The immigration court rejected the filing of the motion to reopen, stating that it could not accept counsel's Notice of Entry of Appearance as Attorney or Representative Before the Immigration Court, referred to as Form EOIR-28, until counsel filed a motion to substitute or annotated the form "to reflect an 'on-behalf-of' appearance or an appearance as co-counsel."  In a letter dated January 9, 2017, counsel argued to the immigration court that the motion was rejected in error, explaining that the regulation governing motions to reopen expressly requires counsel to file a Form EOIR-28.  Counsel also filed a second motion to reopen, which was received on January 10, 2017.

No. 18-60838

In ruling on this motion—and despite the fact Norato Lopez's first attempt at filing a motion to reopen was accompanied by the Form EOIR-28[1]—the IJ stated that this motion was rejected because "there was no Form EOIR-28 attached." The IJ then determined that although Norato Lopez's second attempted motion to reopen was properly filed, it was untimely because it was filed outside of the applicable 90-day time period following the entry of a final administrative order of deportation to file a motion to reopen. The IJ further concluded that Norato Lopez did not show that he met any of the exceptions to the time limitation set forth in 8 C.F.R. § 1003.23(b)(4).

Because the IJ found that the motion was untimely, the IJ then evaluated Norato Lopez's allegation that counsel was ineffective to determine whether to exercise its sua sponte authority to reopen proceedings. The IJ concluded that Norato Lopez failed to show prejudice resulting from counsel's alleged failure because he did not establish prima facie eligibility for withholding of removal. Accordingly, the IJ declined to exercise its sua sponte authority and denied Norato Lopez's motion to reopen.

On appeal, the BIA affirmed the IJ's determination that Norato Lopez's motion was untimely and that Norato Lopez had failed to make a prima facie showing that he was entitled to the relief requested. The BIA also rejected Norato Lopez's motion to remand, filed during the pendency of his appeal, which argued, *inter alia*, that under *Pereira v. Sessions*, 138 S. Ct. 2105 (2018), the IJ lacked jurisdiction over his removal proceedings and that he received inadequate notice of his removal hearing because his initial NTA did include the hearing's time and date. The BIA concluded that even though Norato Lopez's initial NTA did not specify the date of his initial removal hearing,

---

[1] Although the Form EOIR-28 is not in the record, evidence from both the immigration court and Norato Lopez's counsel indicates that such a form was filed. The government does not contend otherwise.

No. 18-60838

notices containing this information were later sent and thus the IJ had jurisdiction over his removal proceedings.  Norato Lopez timely petitioned this court for review.

## II.

"We review the BIA's denial of a motion to reopen . . . under a highly deferential abuse-of-discretion standard." *Zhao v. Gonzales,* 404 F.3d 295, 303 (5th Cir. 2005).  We will not disturb the BIA's decision "so long as it is not capricious, racially invidious, utterly without foundation in the evidence, or otherwise so irrational that it is arbitrary rather than the result of any perceptible rational approach."  *Id.* at 304. (internal quotation marks and citations omitted).  The same standard applies to a motion to remand.  *See Milat v. Holder*, 755 F.3d 354, 365 (5th Cir. 2014).

Although our review is usually confined to the BIA's stated rationale, there are "limited exceptions to this rule.  Even if there is a reversible error in the BIA's analysis, affirmance may be warranted where there is no realistic possibility that, absent the errors, the . . . BIA would have reached a different conclusion." *Luna-Garcia v. Barr*, 932 F.3d 285, 291 (5th Cir. 2019), *petition for cert. filed* No. 19-673 (alteration in original) (internal quotation marks omitted) (quoting *Enriquez-Gutierrez v. Holder*, 612 F.3d 400, 407 (5th Cir. 2010)).

## III.

In his petition for review, Norato Lopez contends that the BIA erred in determining that: (1) his motion to reopen was untimely, (2) he failed to establish prima facie eligibility for withholding of removal, (3) the IJ had jurisdiction over his removal proceedings and that he received adequate notice of these proceedings.

We address Norato Lopez's first and second contentions together because any error on the BIA's part in finding that his motion to reopen was untimely

No. 18-60838

will be deemed harmless if there is "no realistic possibility" that the BIA would reach a different outcome absent the alleged error. *Luna-Garcia*, 932 F.3d at 291; *see also I.N.S. v. Abdu*, 485 U.S. 94, 104 (1988) (explaining that the BIA may deny a motion to reopen because "the movant has not established a prima facie case for the underlying substantive relief sought"). Norato Lopez's motion to reopen is premised on the allegation that his original counsel was ineffective for failing to advise him of the availability of relief in the form of withholding of removal. "Ineffective assistance of counsel can justify reopening deportation proceedings . . . ." *Rodriguez-Manzano v. Holder*, 666 F.3d 948, 953 (5th Cir. 2012). To support such a claim, an alien in removal proceedings must "show that counsel's actions were prejudicial to his case."[2] *Mai v. Gonzales*, 473 F.3d 162, 165 (5th Cir. 2006). To demonstrate prejudice, the alien must make a prima facie showing that, upon reopening, the relief sought will be granted. *See Miranda-Lores v. INS*, 17 F.3d 84, 85 (5th Cir. 1994). Since Norato Lopez argues he is entitled to withholding of removal, he must show a "clear probability of persecution on the basis of race, religion, nationality, membership in a particular social group, or political opinion." *Chen v. Gonzales*, 470 F.3d 1131, 1138 (5th Cir. 2006) (internal quotation marks omitted). He fails to make this showing.

In support of his claim that he is entitled to withholding of removal, Norato Lopez presented only an affidavit containing two sentences addressing his eligibility for this form of relief. The relevant portion of the affidavit states:

---

[2] The applicant must also satisfy the requirements set forth in *Matter of Lozado*, 19 I. & N. Dec. 637, 639 (BIA 1988). *See Mai v. Gonzales*, 473 F.3d 162, 165 (5th Cir. 2006) (citing *Matter of Lozado*, 19 I. & N. Dec. at 639). These requirements are that the alien "must (1) provide an affidavit attesting the relevant facts, including a statement of the terms of the attorney-client agreement; (2) inform counsel of the allegations and allow counsel an opportunity to respond; (3) file or explain why a grievance has not been filed against the offending attorney." *Id.* (citing *Matter of Lozado*, 19 I. & N. Dec. at 639). Here, although the IJ found that Norato Lopez met these *Lozado* requirements, the BIA did not address them.

"Currently, my father is being persecuted at the hands of gang members who have threatened to kill our entire family.  I know if I am forced to return to Guatemala the likelihood of me being killed is almost certain."  Norato Lopez does not provide any "specific, detailed facts" that would demonstrate a clear probability that he would be persecuted by gang members on account of a protected ground.  *See Orellana-Monson v. Holder*, 685 F.3d 511, 518 (5th Cir. 2012) (stating that the "alien must present 'specific, detailed facts'" showing the reason to fear persecution (internal quotation marks and citation omitted); *Roy v. Ashcroft*, 389 F.3d 132, 138 (5th Cir. 2004) (same) (internal quotation marks and citation omitted).  His motion to reopen and corresponding documents are plainly insufficient to entitle him to withholding of removal.[3]  Thus, regardless of any error by the BIA with respect to the timeliness of Norato Lopez's motion to reopen, "there is no realistic possibility that the BIA would reach another outcome than to dismiss h[is] appeal."  *Luna-Garcia*, 932 F.3d at 292.  Accordingly, we affirm the BIA's determination that petitioner failed to make a prima facie case of entitlement for withholding of removal.[4]  *Id.*; *see Abdu*, 485 U.S. at 104.

Last, Norato Lopez challenges the BIA's refusal to remand proceedings to the IJ, contending that the IJ lacked jurisdiction over his removal

---

[3] In his brief, Norato Lopez also argues that he has a well-founded fear of future persecution and that he alleged facts sufficient to demonstrate this fear.  While Norato Lopez's motion to reopen asserted that the facts establish his eligibility for withholding of removal, he did not argue in that motion that he was entitled to relief based on a well-founded fear of future persecution.  Because Norato Lopez did not raise this argument before the BIA, it is unexhausted, and we thus lack jurisdiction to consider it.  *See* 8 U.S.C. § 1252(d)(1); *Wang*, 260 F.3d 448, 452-53 (5th Cir. 2001).

[4] To the extent the BIA's decision was a ruling to refrain from exercising its sua sponte authority to reopen proceedings, that ruling is discretionary, and this court lacks jurisdiction to consider a challenge to the ruling. See *Gonzalez-Cantu v. Sessions*, 866 F.3d 302, 306 (5th Cir. 2017).  Even if we had jurisdiction, this argument would fail for the reasons already stated herein.

proceedings and that he received inadequate notice of his removal hearing because his NTA did specify the hearing's date and time.  Petitioner relies on the Supreme Court's decision in *Pereira* in which the Court held that an NTA that fails to state when and where a noncitizen must appear for removal proceedings is "not a 'notice to appear'" under 8 U.S.C. § 1229(a) and thus does not end the 10-year "period of continuous physical presence" in the United States" that is required to be eligible for cancellation of removal.  138 S. Ct. at 2110.  However, we have said that *Pereira* "addressed a narrow question of whether a notice to appear that omits the time or place of the initial hearing triggers the statutory stop-time rule for cancellation of removal."  *Pierre-Paul v. Barr*, 930 F.3d 684, 689 (5th Cir. 2019).  More to the point, we have specifically rejected Norato Lopez's arguments.  In *Pierre-Paul*, we determined that an NTA "was not defective" even though it did not include the date and time of the petitioner's initial hearing.  *Id.* at 690.  Rather, an NTA is valid under the relevant regulations so long as it includes "the nature of the proceedings, the legal authority for the proceedings, and the warning about the possibility of *in absentia* removal."  *Id.*  We further held in *Pierre-Paul* that, "assuming *arguendo*" that the NTA was defective, this defect could be cured if the immigration court subsequently mailed "a notice of hearing that contained the time and date of the initial hearing."  *Id.* at 690-91.

In the instant case, the NTA specified the nature of the proceedings, the legal authority for the proceedings, and the warning regarding in absentia removal.  Thus, the NTA was not defective.  *See id.* at 690.  Additionally, assuming that it was defective, subsequent hearing notices included the time and date of the removal proceedings, curing any defect and providing Norato Lopez with proper notice under the statute governing removal proceedings.  *See id.* at 690-91.  The BIA did not err in denying Norato Lopez's motion to remand.  *See id.*

No. 18-60838

**\*\*\***

For these reasons, we DENY Norato Lopez's petition for review.